Richard W. LEASE

v.

Arthur S. FLEMING, Secretary of Health, Education and Welfare.

Civ. A. No. 11291.

United States District Court
D. Maryland,
Civil Division.

Nov. 6, 1959.

William J. Torrington, Baltimore, Md., for petitioner.

Leon H. A. Pierson, U. S. Atty., R. Taylor McLean, Asst. U. S. Atty., Baltimore, Md., for respondent.

CHESNUT, District Judge.

From an adverse final decision of the Secretary of Health, Education & Welfare this appeal is taken by Richard W. Lease under the provision of 42 U.S.C.A. § 405(g). On July 11, 1955 Lease filed an application with the Secretary for the determination of a "period of disability" from February 1954. After due procedure in the Department in processing the claim Lease requested a hearing which was given to him by the Referee who, as a result of his personal examination of the applicant and consideration of numerous exhibits containing reports of medical examinations, filed an opinion denying the application which was finally approved in due course by the Secretary. This appeal was then filed on April 8, 1959. Lease is now 62 years of age. His immediate purpose is not a request for present disability payments but if his claim for disability during the period mentioned is established it will directly affect his right to benefits to which he will be entitled on reaching the age of 65 years.

The test as to disability is found in the definition thereof in 42 U.S.C.A. §

416(i) which reads as follows: " * * * the term 'disability' means (A) inability to engage in any *substantial gainful activity* by reason of any *medically determinable* physical or mental impairment which can be expected to result in death or to be of a long-continued and indefinite duration". (Italics supplied.)

The scope of the appeal is well settled in such cases. By section 405(g) it is provided that "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive, * * *". It is not disputed that the determination on this appeal is to be based on the record transmitted here by the Secretary, *considered as a whole.* Goldman v. Folsom, 3 Cir., 1957, 246 F.2d 776, and Hill v. Fleming, D.C.W.D.Pa. 1958, 169 F.Supp. 240.

After reading and considering the whole of the record I find myself in disagreement with the Referee's conclusion and will state as succinctly as possible the grounds for that opinion.

On the whole record I find the dominant facts with respect to the appellant as follows: Lease was born on April 4, 1897 and has been living for many years in or near Cumberland, Maryland. He is unmarried and has no dependents. He received little education ending with three years in elementary schools. During practically the whole of his subsequent life he has been engaged in very heavy manual labor, principally steel construction work and latterly before his incapacity, as a steeplejack. For the year 1952 he earned approximately $5,000 in wages and in prior years about $2,000 to $3,000 a year. The last full quarter of a year for which he was employed and paid wages under the Social Security Act was the first quarter of 1954. In February 1954 while working with an air-hammer it kicked back and severely injured his right hand. He was hospitalized and in due course thereafter received industrial compensation benefits under the West Virginia law on the basis of a rating of 10% disability in his right hand or arm. These payments were made for at least 40 weeks and it appears that

he has pending some claim for further benefits on account of this injury. He has not been able to, or at least has not in fact, worked at any gainful pursuit since the accident.

I find that his physical condition medically ascertainable for the period in question was substantially this: In 1950 he lost entirely his left eye as a result of an accident. His right eye is partially blind in that he has poor power of vision with a rating of 20–60 but further impaired by slowly developing cataract. His eyesight is so poor that he has not been able to read. The disability of his right hand is such that he is not able to tightly clench his hand, that is, make a fist, without great pain. The accidental injury to his right hand, and particularly the thumb, in 1954 caused a serious nerve and muscular impairment of the use of the hand for manual labor. The functional power of his heart action is classed as No. 3, that is, with marked limitation. He has shortness of breath (dyspnea) on slight physical exertion. He can walk a short distance with the aid of a cane but frequently only with pain and at time swelling of the legs. Presently he weighs 252 pounds with a height of 5 feet 11 inches. For some years past he has been receiving an allowance or payments of $77 a month from the State of Maryland under its provision for disabled persons.

It will be noted that the physical condition above described is by its nature, for the most part at least, medically determinable and in fact is, I think, well established by the reports of various doctors included as exhibits in the record. After receiving the reports of these several doctors the Department referred the claimant to a Dr. Jacobson whose report is contained in the record and seems to have been largely the basis for the Referee's conclusion. As the decision here must be made upon the record considered as a whole, I do not find that Dr. Jacobson's report is sufficient to constitute substantial evidence in support of the Referee's findings in the light of other medical evidence and other facts to be found in the transcript as a whole.

Under the statutory definition, the disability must not only be medically determinable (as I think it is in this case) but must be of such severity that it renders the claimant unable to pursue any *substantial gainful occupation,* which condition can reasonably be expected to be of long continued and indefinite duration. The claimant's physical condition is apparently substantially the same now as it was in the period from 1954 to 1955. He has not in fact done any work during the last five years; but the final question is whether he could have pursued some occupation of a substantial gainful nature during the period in question. In the Referee's lengthy, patient and kindly personal examination of the claimant, it appears that he suggested the possibility that the claimant could do some substantial gainful work such as selling cigarettes behind a tobacco store counter or, as an inspector of steel work in which the claimant had much prior experience or in instructing younger workers in that kind of work; but the reading of the whole of the lengthy transcript including the claimant's personal examination convinces me that such work was not reasonably possible for this claimant.

Here we must consider that kind of a gainful occupation the claimant was fitted for either by physical ability, by education or by experience. The education was very slight and with his very poor and limited eyesight it does not occur to me that it would have been possible for him to have been successful in any kind of mental or clerical work. It is doubtful that he could even have satisfactorily acted as a timekeeper on some job in which he could sit down most of the time. As to the only kind of work in which he had had any past experience it seems perfectly obvious, as was indeed conceded by the Referee, that it was impossible for him to pursue that or any similar activity. In fact the disability was such that he was practically useless as a laboring man.

Of course the difficulty in this as well as in many cases submitted to the courts, does not arise from uncertainty as to the law but only as to its application. Particularly with regard to health and physical and mental ability, it is apparent that individual cases must depend on their own special circumstances. Another difficulty in this particular class of cases is that the decision here must be made on the whole record transmitted by the Secretary without additional evidence to be presented in court and without the advantage of personally seeing and hearing the witnesses whose evidence is included only in the transcribed record, and also giving due weight to the possibly more experienced administrative judgment.

■ The test as to what constitutes disability under the Social Security Act is not substantially different from that which prevailed under war risk insurance during the First World War, as to which there have been many decisions in the courts, including this court, in past years. Thus in such a suit the Supreme Court in an opinion by Mr. Justice Black said—"It was not necessary that petitioner be bed-ridden, wholly helpless, or that he should abandon every possible effort to work in order for the jury to find that he was totally and permanently disabled". Berry v. United States, 312 U.S. 450, 455, 61 S.Ct. 637, 639, 85 L. Ed. 945, decided in 1941. Some illustrative cases under the Social Security Act in applying the test there prescribed in which the decision of the Secretary was reversed are Dunn v. Folsom, D.C.W.D. Ark.1958, 166 F.Supp. 44; Bostick v. Folsom, D.C.W.D.Ark.1957, 157 F.Supp. 108 and Aaron v. Fleming, D.C.M.D.Ala. 1958, 168 F.Supp 291. Counsel for the Secretary cites two recent cases which affirm the decision of the Secretary. Butler v. Folsom, D.C.W.D.Ark.1958, 167 F.Supp. 684 and Crooks v. Folsom, D.C.E.D.N.Y.1957, 156 F.Supp. 631. I have considered them but think they are distinguishable on the particular facts.

■ For these reasons I conclude that the decision of the Secretary in this case is not supported by substantial evidence on the record considered as a whole and that under the authority for appeal given by 42 U.S.C.A. § 405(g) the conclusion of the Secretary that the claimant was not entitled to the period of disability claimed was incorrect and must therefore be *reversed*. It is so ordered by the Court this 6th day of November 1959.