Sam PARFENUK

v.

Arthur S. FLEMMING, Secretary of
Health, Education and Welfare.

Civ. A. No. 59-632.

United States District Court
D. Massachusetts.

March 24, 1960.

Basil W. Kacedan, Boston, Mass., for plaintiff.

P. Craig Combs, Asst. U. S. Atty., Boston, Mass., for defendant.

WYZANSKI, District Judge.

This is an action under § 205(g) of the Social Security Act, as amended, 42 U.S.C.A. § 405(g), to review a final decision of the Secretary of Health, Education, and Welfare. The only issue requiring consideration is whether there is substantial evidence to support the Secretary's ultimate finding and conclusion that from July 1 through December 31, 1957 Parfenuk had no such disability as to be entitled during those six months to disability insurance benefits pursuant to § 223(a)(1) of the Act, 42 U.S.C.A. § 423(a)(1).

§ 223(a)(1) and § 223(c)(2) of the Act provide that:

"(a) (1) Every individual who—

"(A) is insured for disability insurance benefits (as determined under subsection (c) (1) of this section),

"(B) has attained the age of fifty and has not attained the age of sixty-five,

"(C) has filed application for disability insurance benefits, and

"(D) is under a disability (as defined in subsection (c) (2) of this section) at the time such application is filed,

"shall be entitled to a disability insurance benefit for each month, beginning with the first month after his waiting period (as defined in subsection (c) (3) of this section) in which he becomes so entitled to such insurance benefits and ending with the month preceding the first month in which any of the following occurs: his disability ceases, he dies, or he attains the age of sixty-five.

" * * * (c) For purposes of this section—

" * * * (2) The term 'disability' means inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration. An individual shall not be considered to be under a disability unless he furnishes such proof of the existence thereof as may be required."

December 14, 1956 Parfenuk filed with the Department of Health, Education, and Welfare an application for disability insurance benefits and an application to establish disability. The Department denied the application on May 31, 1957, and, after re-consideration, again on January 21, 1958. Pursuant to Parfenuk's request dated February 20, 1958, a referee of the Social Security Administration held hearings on December 22, 1958 and January 12, 1959. January 19, 1959 the referee rendered his decision. March 12, 1959 the claimant filed a request for review by the Appeals Council. July 7, 1959 the Appeals Council denied the request. Thereupon, on August 12, 1959, Parfenuk brought in this Court this action for review under § 205(g) of the Social Security Act.

This Court has before it the whole administrative record including the transcript of the hearing before the referee. On its face, the transcript indicates that both it and the applications which Parfenuk himself prepared give a delusive picture. Parfenuk spoke broken English. He had a limited capacity to understand questions put to him in English either in writing by an application form or orally by a lawyer or administrative official. And his answers were so imprecise and occasionally so obviously erroneous that it is plain that there often was a failure of communication between the claimant and the referee. Thus, for example, in view of the March 11, 1959 request for review of referee's decision, it can hardly be doubted that the claimant attended school only from the age of 8 to the age of 12, and in his twelfth year assisted even smaller children to read and write Russian. Yet the record shows that Parfenuk in his application and in responding to the referee gave answers indicating he graduated from high school and was a teacher in the Ukraine. The referee relied upon these and other transparently erroneous answers to find that Parfenuk "went through the equivalent of high school in Yalta, Crimea. He learned to read and write Russian, Ukrainian, and Polish. He taught school to young children in Ukrania." Upon the evidence before his eyes and ears, not merely upon the cold record, the referee had no substantial basis for making the quoted findings. Indeed it is hard to understand how a referee could have failed to find that Parfenuk had so little comprehension of the English language and of precise inquiries that Parfenuk lacked the ability to hold any clerical, sales, or other white collar job in which the principal element was a ready grasp of questions addressed to him.

Outside of Parfenuk's education and mental alertness in answering English questions, the typewritten record may fairly portray the relevant facts. At any rate in the typewritten record there is evidence which supports the referee's findings that Parfenuk came to the United States in 1913, went to school in Lincoln, N. H. for a few months, is able to read and write English, for 2 years worked as a wood chopper, for 8 years shoveled coal, and then for nearly three decades steadily worked as an upholsterer. On February 13, 1956, while still employed as an upholsterer, he was struck by an automobile. He sustained a laceration of the occipital scalp, a gross dislocation of the right elbow joint, and contusion of the left chest wall. At the time of the hearing, Parfenuk "could not close his fist and stated that he * * * was unable to pick up anything as heavy as a milk bottle."

The referee concluded that as a result of the accident Parfenuk "has a permanent twenty-five per cent disability of function of right arm. While this impairment may prevent claimant from performing his former work as an upholsterer he should, with his education and industrial experience, be able to perform other substantial gainful activity not requiring the full use of his right arm."

Accordingly, the referee found "the claimant's impairment was not severe enough to prevent him from engaging in any substantial gainful activity since January 13, 1956. * * * It is the decision of the referee that the claimant is not entitled to disability insurance benefits or a period of disability under the Social Security Act."

▮ In at least two respects the findings of fact of the referee are not supported by substantial evidence.

First, as has already been pointed out, the referee upon the record as a whole was not warranted in finding that the claimant had graduated from the equivalent of an American high school and had taught in school. While words set forth by the stenographer in the typewritten transcript may have supported the referee's finding on these points, those typewritten words where not, and the referee should have known they were not, representative of the actual facts.

Second, in view of the claimant's limited schooling and the claimant's medically proven inability any longer to work as a wood chopper, shoveler, or upholsterer, (which were the only types of jobs he had ever performed in the United States,) the referee had no substantial evidence to support his finding that the claimant had an "education and industrial experience" which showed that he was "able to perform other substantial gainful activity."

When the findings referred to in the last two paragraphs are excised, as they must be, it seems clear that the other facts found by the referee not merely permit but indeed require an ultimate finding of fact and a conclusion of law that Parfenuk had that type of disability defined in § 223(c)(2) of the Act, and is entitled to six months of benefits from July 1 through December 31, 1957 as provided in § 223(a)(1) of the Act. The reasons for this statement follow.

It affirmatively appears from the referee's findings that the claimant had a "medically determinable physical * * * impairment which can be expected to * * * be of * * * indefinite duration." Thus the claimant satisfied the *first* requirement of § 223(c)(2) of the Act. The *second* requirement of the subsection is that the impairment be proved to have caused an "inability to engage in any substantial gainful activity." As an aid in applying this second requirement, the Secretary promulgated on June 20, 1957, 20 C.F.R. 404.1501, a regulation which specified that

"(b) In determining whether an individual's impairment makes him unable to engage in such activity, primary consideration is given to the severity of his impairment. Consideration is also given to such other factors as the individual's education, training and work experience.

"(c) It must be established by medical evidence, and where necessary by appropriate medical tests, that the applicant's impairment results in such a lack of ability to perform significant functions—such as moving about, handling objects, hearing or speaking, or, in a case of mental impairment, reasoning or understanding—that he cannot, with his training, education and work experience, engage in any kind of substantial gainful activity."

In the case at bar, as in Jacobson v. Folsom, D.C.S.D.N.Y., 158 F.Supp. 281; Aaron v. Fleming, D.C.M.D.Ala.E.D., 168 F.Supp. 291; Adams v. Flemming, D.C. D.Vt., 173 F.Supp. 873; Lease v. Fleming, D.C.D.Md., 178 F.Supp. 169, and Scales v. Flemming, D.C.D.Mass. 183 F. Supp. 710, the question is whether the statute and regulation have been properly applied by the referee.

■ No doubt the statute and the regulation require a claimant to prove that he lacks the ability to do a substantial amount of the kind of work which he has done or for which he has been educated. But to succeed a claimant need not prove that he is "totally helpless and bed-ridden." Aaron v. Fleming, 168 F.Supp. at page 295; Lease v. Fleming, 178 F.Supp. at page 172. The claimant's burden is merely to prove that as a result of his medically determined impairment he no longer is capable of performing a substantial amount of work which is "commensurate with" his "educational attainments, his training and experience." Jacobson v. Folsom, 158 F.Supp. at page 286.

■ When, as in the case at bar, a claimant proves that he has reached the age of 64, that he has had only 5 years of schooling, that his comprehension of English is limited, that the only American jobs he has ever held are as wood chopper, shoveler, and upholsterer, and that he has a physical impairment of his right hand which incapacitates him to perform any of those tasks, then he has proved that he is disabled.

The defendant suggests that the claimant physically is capable of being a guard or some kind of salesman. No evidence supports this suggestion. Cf. Klimas-

zewski v. Flemming, D.C.E.D.Pa., 176 F. Supp. 927, 932. Moreover, even if it were true that the claimant could meet the physical and language requirements of such an occupation, there is no evidence that without relevant prior experience a man of claimant's age, over 64 years, could procure such a job.

■ As I said last May in Scales v. Flemming, under the Social Security Act, unlike the situation under some other statutes, it is not the burden of the claimant to introduce evidence which negatives every imaginable job open to men with his impairment and of his age, experience, and education. It is quite enough if he offers evidence of what he has done, of his inability to do that kind of work any longer, and of his lack of particular experience and particular education for any other type of job. If there are other kinds of work which are available and for which the claimant is suited, it is the Secretary's burden to go forward to offer evidence of those types of work. Cf. Klimaszewski v. Flemming, supra.

■ There remains the question as to what order this Court should now enter. § 205(g) of the Act, unlike many statutes governing review of administrative action, gives "the court * * * power to enter, upon the pleadings and transcript of the record, a judgment * * * reversing the decision of the Secretary * * * without remanding the cause for a rehearing." In a case not unlike this, Aaron v. Fleming, 168 F.Supp. at page 296 Circuit Judge Reeves "ordered and adjudged that the decision of the defendant be and it is reversed and that the cause be remanded with directions to find the plaintiff disabled * * * and to enter a decision accordingly." This seems to me a salutary precedent because it so well indicates a judicial determination that the defendant was plainly in error, and that it is important that a disabled, elderly man shall not suffer further delay in receiving the benefits which are provided for him by an Act of Congress.

So ordered.