Concepcion Negron **TORRES**, Plaintiff, Appellant,

v.

Anthony J. **CELEBREZZE**, Secretary of Health, Education and Welfare, Defendant, Appellee.

No. 6468.

United States Court of Appeals First Circuit.

Aug. 2, 1965.

Harvey B. Nachman, San Juan, P. R., with whom Nachman & Feldstein, San Juan, P. R., was on brief, for appellant, by appointment by the Court.

Lawrence R. Schneider, Atty., Dept. of Justice, with whom John W. Douglas, Asst. Atty. Gen., Francisco A. Gil, Jr., U. S. Atty., and Morton Hollander, Atty., Dept. of Justice, were on brief, for appellee.

Before ALDRICH, Chief Judge, LUMBARD*, Chief Judge, and LEWIS*, Circuit Judge.

LUMBARD, Chief Judge.

The issue on this appeal is whether the conclusion of the Social Security Administration hearing examiner that the appellant, Concepcion Torres, was not under a disability and therefore not entitled to disability insurance benefits is supported by the examiner's findings and the record before him. We find that it is not, and we remand to the Secretary for further proceedings.

Torres is 43 years old,[1] married, and the father of six children. His formal education stopped with the third grade, and his only employment experience has been as a construction laborer. He resides in Puerto Rico.

Torres' application for disability benefits was filed on October 1, 1962. He alleged that he was suffering from chronic pyelonephritis of the left kidney (inflammation of the kidney), that his right kidney had been removed, and that he had no vision in his left eye. Though not appearing on his application, medical records show that he also was complaining of pain in his lower back and that he had only 20/40 vision in his right eye. He had not been employed since September 1961, when he was hospitalized for the first of several times as a result of these conditions.

Pursuant to § 221 of the Social Security Act, 42 U.S.C. § 421, Torres' application was referred to a Commonwealth of Puerto Rico agency, which denied his claim on the ground that he was not under a disability within the meaning of § 223(c) (2) of the Act, 42 U.S.C. § 423 (c) (2). ("Disability" is defined by this section as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration.") The agency again denied Torres' claim when he requested that it reconsider its initial action.

Torres, turning to the next in the hierarchy of § 221 remedies, then requested a hearing before a Social Security Administration hearing examiner. At this hearing, held in San Juan on March 5, 1964, Torres appeared on his own behalf and testified in response to the examiner's questions. On the basis of his testimony, the records of medical examinations by various doctors from September 1961 to July 1963, and the records of the previous administrative actions, the examiner affirmed the denial of Torres' claim, again on the ground that he was not under a disability. A request for review of the examiner's decision was denied by the Social Security Administration's Appeals Council.

Torres brought suit in the District Court for the District of Puerto Rico to review the administrative decision. On December 7, 1964 the court granted the government's motion for summary judgment. From this judgment Torres appeals.

The hearing examiner's conclusion was "that it is not medically determinable that the claimant has an impairment or impairments of sufficient severity to prevent him from engaging in any substantial gainful activity." This conclusion

* Sitting by designation.

1. The record is not internally consistent as to certain biographical information, including Torres' age. None of the discrepancies are relevant to the issues on this appeal.

was drawn from the following findings as to Torres' physical condition:

"The claimant * * * suffered from pyelonephritis which eventually required the removal of his right kidney * * * [and] from urethral stricture [a narrowing of the canal which carries urine from the bladder]. The reports from the hospital in March show that the claimant made a good recovery from the right nephrectomy [removal of the right kidney] and that successful dilatations [of the urethra] had been carried out. Examination at the Arecibo District Hospital, where the claimant receives treatment, shows that he has a good functioning left kidney. The blood urea nitrogen on January 14, 1963 was 15 mg. %, and the urea in the blood on March 12, 1963 was 10.2 cc. This would indicate kidney performance in the range of normal. When the consulting physician * * * administered an intravenous pyelogram it again showed that the excretion in the left kidney was good and that the kidney showed a compensatory hypertrophy. The only significant impairment shown by that examination was that of urethral stricture. The history of that claimant's difficulties shows, however, that that condition responds favorably to dilatations. No doubt, those procedures will be carried out when deemed appropriate by the claimant's attending physicians. Although the evidence reveals that the claimant is blind in one eye, the evidence shows that in the remaining eye the vision can be corrected to 20/20."

In addition, although the examiner did not refer to it in his findings, he earlier had noted the uncontradicted evidence bearing out Torres' complaint of back pains.

Torres does not challenge these findings in any specific respect, and they are in any event adequately supported by the record before the examiner. Moreover, the parties do not differ widely concerning the effect of Torres' condition on his physical capabilities. He can no longer work as a construction laborer, principally, it appears, because of the pain in his back. On the other hand, as the government observes, "implicit in the Secretary's determination is a finding that Mr. Torres was capable of performing work less arduous in nature than the 'strenuous' construction jobs which he had engaged in previously," and Torres seemingly accepts this assertion so far as his physical capabilities are concerned, although he perhaps takes a more narrow view of the kinds of "less arduous" work he is physically capable of performing than does the government. The dispositive issue on this appeal thus does not so much concern the extent of Torres' physical incapacity as it does whether this incapacity amounts to a disability.

■ This latter issue cannot be resolved simply by reference to the examiner's findings as to Torres' physical condition. It is of no value to a claimant to be physically able to perform jobs which his age, education and experience prevent him from obtaining.

"If there is no market for the services he is able to render then he is truly disabled within the meaning of the statute." Ferran v. Flemming, 293 F.2d 568, 571 (5 Cir. 1961).

See also, e. g., Thomas v. Celebrezze, 331 F.2d 541 (4 Cir. 1964); Kerner v. Flemming, 283 F.2d 916, 921 (2 Cir. 1960); Parfenuk v. Flemming, 182 F.Supp. 532, 535–536 (D.Mass.1960); Randall v. Celebrezze, 239 F.Supp. 728, 732 (D.Idaho 1965).

■ Application of this definition must in some cases be tempered by respect for the principle that disability insurance is not to be used as a form of unemployment compensation. See, e. g., Celebrezze v. O'Brient, 323 F.2d 989, 991–992 (5 Cir. 1963). Thus, a claimant may be considered not to be under a disability even though his impairment has left him more vulnerable to unemployment by narrowing the range of jobs

he can perform and making him generally less attractive to employers. See Hicks v. Flemming, 302 F.2d 470, 473 (5 Cir.), cert. denied, 371 U.S. 868, 83 S.Ct. 132, 9 L.Ed.2d 106 (1962).

 However, the present record does not raise the question where the point of balance between these two, to some extent conflicting, doctrines should lie, either generally or in this case. Because the findings and evidence are limited to Torres' physical capabilities, disposition of this appeal depends on the question of burden of going forward. The language of § 223(c) (2) places the initial burden on the claimant.[2] However, we agree that the claimant sustains his burden by showing that he is unable to return to his former type of work. See Randall v. Celebrezze, supra, 239 F.Supp. at 732, and cases there cited; Ellerman v. Flemming, 188 F.Supp. 521 (W.D.Mo.1960); Parfenuk v. Flemming, supra, 182 F.Supp. at 535; Scales v. Flemming, 183 F.Supp. 710, 714 (D. Mass. 1959). This Torres has done, and the burden is now on the government to offer evidence showing there is generally available employment of the kind for which he is fit and qualified. Rodriguez v. Celebrezze, 1 Cir., 1965, 349 F.2d 494.

The government argues that a claimant must make some attempt to find other employment, and it points out that there is no evidence that Torres has made any such attempt. Neither is there any evidence to the contrary, however. If it is developed on remand that Torres has not attempted to find other work, this fact may suffice to support affirmance of the denial of disability benefits. But we are not inclined to resolve this factual issue against Torres on an empty record, particularly since his only testimony was in response to the examiner's questions and the examiner did not ask whether he had attempted to find other work.

The judgment of the District Court is vacated, and the case is remanded to that Court with instructions to remand to the Secretary for further proceedings consistent with this opinion.

---

2. Section 223(c) (2), 42 U.S.C. § 423(c) (2) provides, after defining the term "disability," that "An individual shall not be considered to be under a disability unless he furnishes such proof of the existence thereof as may be required."