**Concepcion Negron TORRES, Plaintiff,**

v.

**John W. GARDNER, Secretary of Health, Education and Welfare, Defendant.**

**Civ. No. 224–64.**

United States District Court
D. Puerto Rico.

May 31, 1967.

Nachman & Feldstein, San Juan, P. R., for plaintiff.

Francisco A. Gil, Jr., U. S. Atty., San Juan, P. R., for defendant.

## OPINION

CAFFREY, District Judge.*

This matter came before the Court upon the defendant's motion for summary judgment. The record indicates that plaintiff filed an application for disability insurance benefits on October 1, 1962, alleging that he became unable to work on September 9, 1961. The application was denied initially and also upon reconsideration, and was denied again after a hearing held on March 24, 1964, by Hearing Examiner Peter Hoegen. Thereupon plaintiff requested and received a review by the Appeals Council of the Social Security Administration which upheld the Hearing Examiner.

An action was filed in this court on May 19, 1964, and a judgment adverse to plaintiff was entered on December 7, 1964. He then appealed to the United States Court of Appeals for the First Circuit which entered an opinion and judgment on August 2, 1965, remanding the case to the Secretary for further proceedings. This opinion is reported at 349 F.2d 342 (1 Cir.). In pertinent part, it provided:

"The issue on this appeal is whether the conclusion of the Social Security Administration hearing examiner that the appellant, Concepcion Torres, was not under a disability and therefore not entitled to disability insurance benefits is supported by the examiner's findings and the record before him. We find that it is not, and we remand to the Secretary for further proceedings. (p. 343.)

\*    \*    \*    \*    \*    \*

"We agree that the claimant sustains his burden by showing that he is unable to return to his former type of work \* \* \* This Torres has done, and the burden is now on the government to offer evidence showing there is generally available employment of the kind for which he is fit and qualified." (p. 345.)

On May 5, 1966, a further hearing was held, before Hearing Examiner Jose J. Saul, at which additional evidence was received. This evidence consisted primarily of testimony from plaintiff and one Dr. P. N. Senior. On November 17, 1966, the Appeals Council rendered a decision affirming and adopting a recommended decision filed by the hearing examiner on September 30, 1966, which again denied plaintiff's claim for benefits. On March 7, 1967, counsel for plaintiff filed a motion requesting an order directing the United States Attorney to file in this court a copy of the transcript of the further proceedings before the Secretary, within a specified time, and also seeking the entry of an order reversing the November 17, 1966 decision of the Appeals Council. On April 5, 1967, the Secretary filed a motion for summary judgment on the ground that there exists no genuine issue of material fact because the transcript of the record (which was filed in this court on March 17, 1967) contains substantial evidence to support the decision of the Secretary.

The record before the Secretary indicates that Dr. Senior received his A.B. in Psychology from Swarthmore College and that he received his Ph.D. in Clinical-Experimental Psychology from New York University; that he is a member of, and was Treasurer of from 1963 to 1964, the Puerto Rico Psychological Association; that he is a Professor of Psychology at the University of Puerto Rico, where he lectures approximately six hours a week; that he is a practicing psychologist at a clinic in San Cristobal for about twenty hours a week; that he had, prior to his testimony, worked about a year and a half as a consultant for the Social Security Administration; that he is a counselor with the Vocational Rehabilitation Division and the Public Welfare Division in a special project they are conducting; that he is counselor to Project Head Start; and that he is a con-

---

* Sitting by designation.

sultant to about one hundred and fifty private business concerns. Dr. Senior testified that he is familiar with both the available employment opportunities in Puerto Rico and the level of qualifications required to obtain and discharge the duties of those various jobs. He testified that plaintiff is physically and mentally able to discharge the duty of watchman at the Monserrate School, which job plaintiff in fact as of the time of the hearing was holding, working seven hours a day six days a week, for a salary of $98.50 a month. Dr. Senior also testified that despite the fact that plaintiff was blind in one eye, missing one kidney, and afflicted with a urethral stricture, and unable to do heavy work, he could, nevertheless, do the work required by many jobs which were available in the local economy. Among those were that of coffee picker, a job he had previously performed, and in the tobacco industry he could do the work of floor-hand, tobacco racker, hand stemmer, dryer operator, cigar packer's helper, and head piercer. Dr. Senior stated that plaintiff could discharge the duties of asphalt dumper, sprinkler, and broomer in the paving industry, and that he could do the work of a gas station attendant; that he could obtain and perform employment in small restaurants and cafes, such as the Cafeteria San Luis, Gran Cafe and Central Cafe. He also stated that watchman jobs, such as plaintiff was working on at the School, were available at Phillips Control Corporation and Star Kist Corporation.

The Secretary also found on the evidence at the second hearing that while plaintiff had made limited attempts to obtain employment he did so in such a perfunctory manner, laying stress on his infirmities, as to lead the Secretary to conclude that his attempts to secure employment were not *bona fide* attempts to do so.

I am persuaded by my examination of the record that the Secretary

has complied with the instructions of the Court of Appeals on remand, that he has sustained his burden of showing that there is employment available which plaintiff is able to obtain and to perform, and that his finding that plaintiff is not disabled within the meaning of 42 U.S. C.A. § 416(i) is supported by substantial evidence on the record as a whole.

The motion for summary judgment is allowed. Complaint dismissed without costs.