**Julio Garcia BURGOS, Plaintiff,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.**

**Civ. No. 668–71.**

United States District Court,
D. Puerto Rico.

Jan. 10, 1973.

---

José Gaztambide Gomez, Hato Rey, P. R., for plaintiff.

Julio Morales-Sanchez, U. S. Atty., for defendant.

## MEMORANDUM OPINION
## AND ORDER

TOLEDO, District Judge.

This is an action brought by plaintiff pursuant to Section 205(g) of the Social Security Act (hereinafter called the Act), Title 42, United States Code, Section 405(g), seeking judicial review of a final decision of the Secretary of Health, Education and Welfare (hereinafter called the Secretary), denying his application for the establishment of a period of disability under Section 216(i) of the Act, Title 42, United States Code, Section 416(i), and for disability insurance benefits under Section 223 of the Act, Title 42, United States Code, Section 423.

Plaintiff was born on February 16, 1913 and completed up to the sixth grade in grammar school. During his lifetime he has been employed as an agricultural worker, mainly as a sugarcane cutter and as a construction worker.

On February 2, 1970, he filed a claim before the Secretary (Tr. 34–37), alleging that he became unable to work on July 1, 1968, due to headaches, earaches and sinus troubles. He also claimed that while working, upon crossing a ditch, he fell and hurt his hip (Tr. 30); as a consequence of which he was hospitalized for a period of 17 days and received treatment for an additional period of 83 days. A 10% disability was

granted to plaintiff by the State Insurance Fund under the Puerto Rico Workmen's Compensation Law in view of the last mentioned accident.

His claim of February 2, 1970, was denied on June 2, 1970.[1] Acting on a request for reconsideration, the Bureau of Disability Insurance, on October 27, 1970, upheld the denial. On January 21, 1971, plaintiff requested a hearing, and acting upon said request, a hearing was held on April 29, 1971, at which time the case was considered de novo; the plaintiff appearing without counsel. On May 17, 1971, the hearing examiner entered his decision; which decision became the final decision of the Secretary when it was upheld by the Appeals Council on July 13, 1971.

The statutory scheme of judicial review being limited in nature, this Court is bound to ascertain only whether the record as a whole contains substantial evidence to support the Secretary's findings. Santiago v. Secretary of Health, Education and Welfare (D.C.P.R.1971), 336 F.Supp. 1071; Rosario v. Secretary of Health, Education and Welfare (D.C. P.R.1971), 324 F.Supp. 1321.

The term "disability" is defined under Sections 216(i) and 223(d) of the Act, Title 42, United States Code, Sections 416(i) and 423(d). Such Sections provide in part:

"(d)(1) The term 'disability' means—

(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months, * * *

(B) * * *

(2) For purposes of paragraph (1)(A)

(A) An individual (* * *) shall be determined to be under a disability only if his physical or mental impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual) 'work which exists in the national economy' means work which exists in significant numbers either in the region where such an individual lives or in several regions in the country.

(B) * * *

(3) For purposes of this subsection, a 'physical or mental impairment' is an impairment that results from anatomical, physiological or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

(4) * * *

(5) An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Secretary may require."

It is plaintiff's contention that he has established his claim; that the evidence in record shows the character of the work he has done, his inability to do that kind of work any longer, and his lack of particular experience for any other type of job; that the medical evidence in record reveals his complaints are sustained by medical opinion; that the Secretary has failed to give consideration to the subjective symptoms as they are reflected on the record; and

---

1. The Secretary was satisfied that the special earnings requirements for disability were met on July 1, 1968, the alleged date of the onset of the disability; but, notwithstanding, it was of the opinion that plaintiff was not disabled within the meaning of the law.

that defendant's conclusions and findings are at best contradictory.

■ With respect to plaintiff's assertion as to their being contradictions in the conclusions and findings reached by the hearing examiner, the record reveals that the confusion arises from statements made in the evaluation of the medical evidence (Tr. 11, 12) and in the final findings of said examiner (Tr. 13, 14).[2]

This Court is well aware that the work of a construction worker as well as that of an agricultural worker can by no means be described as "sustained sedentary to light physical exertion". On the contrary, they require a good, sound and vigorous condition. In this sense, we have to agree with the plaintiff that findings 4 and 5 (Tr. 13) read in conjunction with the conclusions reached by the hearing examiner at his evaluation of the medical evidence, are contradictory. Having plaintiff established he has an impairment, as the hearing examiner found (Tr. 13) that only permit "sustained sedentary to light physical exertion", it is contradictory to find that plaintiff's impairments do not prevent him from returning to his usual work as a construction or agricultural worker; work which is hard, tough and very demanding.

After having scrutinized the whole record, we have not found any evidence that could support the hearing examiner's finding that cutting sugar cane or working in constructions could be considered "sustained sedentary to light physical exertion". We can only infer that the hearing examiner did not consider, even for a second, the nature and essence of the jobs held by plaintiff.

■■ The record reveals that no vocational expert participated at the de novo hearing of plaintiff's claim. The Secretary, in its memorandum of law in support of its answer to the complaint herein under consideration, argues that since plaintiff has not established the

2. Said confusion stems from the following statements, as they were made in the evaluation of the medical evidence:

"Allergic rhino-sinusitis is not disabling at the present and no other impairment is elicited of sufficient severity as to preclude claimant from performing his regular work as agricultural worker.
It is axiomatic that the subjective complaints of the claimant standing alone, including his own discussions of his aches and pains are insufficient to establish the presence of a physical or mental impairment. The preponderance of the medical evidence herein substantiated by the statutorily medically acceptable clinical and laboratory diagnostic techniques fails to establish that the claimant has impairments of sufficient severity so as to constitute a "disability" within the meaning of the law.
In view of the foregoing, the Hearing Examiner is not prepared to find that claimant is precluded from any and all work activity, of a substantial nature due to the claimant's pains in the back, knees and headaches. To the contrary, the credible evidence relative to claimant's impairment supports only a conclusion that claimant can resume his normal occupation. Accordingly, the Hearing Examiner has no hesitancy in concluding that the claimant has no medically determinable impairment, to account for his repeated pains and inability to get about and the record will thus not support a conclusion that he has any meaningful limitation of occupational activities by this alleged symptom."
when read in conjunction with the following findings, also made by the hearing examiner:

"4. That the claimant's pain, situated over the back, knees, and headaches, is impairment of a moderate degree of functional limitation but permitting sustained sedentary to light physical exertion.
5. That the claimant's combined impairments do not prevent him from returning to his usual work as a construction worker and agricultural worker.
6. That the evidence fails to establish that the claimant's impairments, alone or in combination, prevented him from engaging in substantial gainful activity for any continuous period which lasted or could be expected to last for at least 12 months.
7. That the claimant was not under a "disability" as defined in the Social Security Act, as amended.

existence of any severely restricting impairment which have prevented him from engaging in any substantial gainful activity for a continuous 12 month-period, it was not incumbent upon the Secretary to elicit vocational data or alternative job opportunities. We agree with the Secretary but only to the extent that a claimant who seeks disability benefits must sustain the burden of going forward with evidence on the disability issue by showing that he is not able to return to his former work. Torres v. Celebrezze (1 Cir. 1965), 349 F.2d 342. It is well settled that when a disability benefits' claimant establishes that his condition does not permit him to return to his former work, the burden of proof shifts to the Secretary to show that he can still engage in some other type of gainful activity within his competence. Torres v. Celebrezze, supra; Galán Aguila v. Secretary of Health, Education and Welfare (D.C.P.R.1970), 308 F.Supp. 42. It is at the point when a claimant shows he is not able to return to his former work that there is a necessity for an administrative showing of available work. Reyes Robles v. Finch (1 Cir. 1969), 409 F.2d 84.

 It is our opinion that the hearing examiner's finding that plaintiff's impairments would permit him "sustained sedentary to light physical exertion" implies that plaintiff can no longer engage in an agricultural or construction type of job. It is reasonable then to conclude that plaintiff has met his burden. The onset date of plaintiff's disability is July 1, 1968, and it is on February 2, 1970, that he applied for a period of disability and for disability insurance benefits; thus having established that his disability has not allowed him to engage in substantial gainful activity for more than 12 months. Title 42, United States Code, Section 423(d)(1)(A).

Since in our opinion plaintiff sustained his burden of establishing that he is unable to return to his former jobs, the burden shifted to the Secretary to offer evidence that there is generally available employment of a kind for which plaintiff is fit and qualified, considering his age, education and work experience. Reyes Robles v. Finch, supra; Torres v. Celebrezze, Secretary of Health, Education and Welfare, supra.

In view of the foregoing, the Court is of the opinion that the record does not contain substantial evidence to support the Secretary's determination. Santiago v. Secretary of Health, Education and Welfare, supra; Rosario v. Secretary of Health, Education and Welfare, supra.

Wherefore, we are of the opinion, that there is good cause to remand under Section 205(g) of the Act, Title 42, United States Code, Section 405(g) and the Court, accordingly, hereby

Orders, adjudges and decrees, that the present cause be remanded to the Secretary with instructions to obtain the necessary vocational data so as to determine if plaintiff, considering his age, education and work experience, can engage in substantial gainful activity; and it is further

Ordered, that the vocational evidence be elicited in conformance with Torres v. Celebrezze, supra, decision and with our decision in the case of Rivera Caraballo v. Secretary of Health, Education and Welfare, D.C., 346 F.Supp. 93 (Memorandum and Order entered on May 11, 1972); and it is further

Ordered, that the Secretary reconsider this cause and carry out any other further proceeding he may deem proper, consistent with this memorandum opinion.

The Court deems also proper to recommend that plaintiff be assisted at the rehearing of his case before the Social Security Administration, by the attorney representing him in this cause.

It is so ordered.