Yvonne **PARENT** et al., Plaintiffs,

v.

Steven A. **MINTER** et al., Defendants.

Civ. A. No. 73–372.

United States District Court,
D. Massachusetts.

Aug. 14, 1973.

Jeffrey M. Friedman, Lowell, Mass., for plaintiffs.

Danielle deBenedictis, Asst. Atty. Gen., Boston, Mass., for defendants.

## MEMORANDUM OF DECISION

GARRITY, District Judge.

Plaintiffs have moved for summary judgment with respect to the two aspects of the case not already disposed of. The first three claims of the complaint have been mooted by the defendants' acquiescence in plaintiffs' principal contention, set forth in the first three claims of the complaint, that the "homemaker rule" heretofore included in the Massa-

chusetts Public Assistance Policy Manual, Chapter I, Section B, Part 8, which served to bar women able to perform homemaking from eligibility for disability assistance conflicted with the Social Security Act, 42 U.S.C. § 1351 et seq., and regulations thereunder, 45 C.F.R. §§ 205.10(a)(15), 206:10(a)(4), and violated the equal protection and due process clauses of the Fourteenth Amendment. Defendants have revised the Manual so that only remunerative employment will prevent a person from being eligible for Aid to the Permanently and Totally Disabled ("APTD") and have drafted and printed a state letter to all welfare service offices; its mailing is awaiting decision of the remaining issues in the case, which are to some extent interrelated.

The fourth claim in the complaint alleges that the defendants' notice to the named plaintiff, advising her that her claim for APTD was denied because "Medical information does not establish total disability" (without mentioning the "homemaking rule" which was the actual basis of the denial), was inconsistent with federal regulations and requirements of equal protection and due process. Notices of decision on two subsequent requests for reconsideration were equally cryptic and uninformative. Defendants concede that the notice to plaintiff was inadequate and have agreed to pay her benefits from the date of her application for APTD; but on the basis that the notice to plaintiff did not comply with the applicable provision of the Manual, Chapter II, Section A, page 12, "The reason for the closing or suspension must be clearly spelled out in the notice." Plaintiff, on behalf of a class, counters with the claim that the Manual provision conflicts with the federal statute and regulations and with the equal protection and due process clauses, a claim urged on behalf not only of homemakers but of all persons applying for APTD.

The court finds that the Manual provision violates the federal law and regulations. The court does not reach the constitutional issues because of the well-settled rule that unnecessary constitutional adjudications should be avoided. Defendants agree that a state receiving federal funds must comply with conditions prescribed by federal law for their use and disbursement; and that the regulations relied upon by plaintiffs are applicable. 45 C.F.R. § 206.10(a)(4) provides that in order for a state's public assistance program to comply with the Social Security Act, it must provide that:

Written notice will be sent to applicants and recipients to indicate that assistance has been authorized . . . or that it has been denied or terminated for a specified reason and the agency policy on which the decision is based.

In addition, 45 C.F.R. § 205.10(a)(5)(i)(b) states:

"Adequate advance notice" means a written notice that includes details of reasons for the proposed agency action. . . .

A state APTD plan under the Social Security Act must provide for a system of fair hearings such that under 45 C.F.R. 205.10(a)(15):

Decisions by the hearing authority rendered in the name of the state agency shall specify the reasons for the decision and identify suyporting evidence.

In our opinion, the Manual provision falls short of the federal requirement. A reason for denying an application for APTD could be "clearly spelled out" without the "details of reasons for the proposed agency action" which connotes specific information. See Velazco v. Minter, 1 Cir., 481 F.2d 573 at p. 579 decided June 26, 1973. We believe that the terms "specified reason" and "details of reasons" found in the federal regulations were intended to afford a claimant procedural due process and mean no less than the requirements of notice described in Goldberg v. Kelly, 1970, 397 U.S. 254, 267–268, 90 S.Ct. 1011, 25 L.Ed.2d 287.

However, the court declines plaintiffs' invitation to draft a revision of the Manual in this respect. We do not conceive this to be our proper function. Obviously the notice prescribed must alert the claimant to the basis of the rejection of his claim and to factual determinations which appear to be fairly contestable. There is merit to the analogy drawn by plaintiffs to the criteria for eligibility for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 421, 423(d)(1)(A). Here also the issue of disability cannot be resolved simply by reference to the claimant's physical condition. "It is of no value to a claimant to be physically able to perform jobs which his age, education and experience prevent him from obtaining." Torres v. Celebrezze, 1 Cir. 1965, 349 F.2d 342 at 344. But the standards of eligibility in the two titles are not the same; permanency and totality· of disability are not required for disability insurance under Title II; and different considerations of policy and administration are self-evident.

The second unresolved issue raised by plaintiffs' claims is whether the court's judgment should be retroactive in the sense of requiring defendants to pay to all members of the plaintiff class monies wrongfully withheld from them because of the illegal enforcement of the "homemaker rule" and the employment of inadequate notices. We believe not. Defendants will of course be ordered to notify women whose applications for APTD were denied on the basis of the homemaker rule that the regulations have been amended by elimination of homemaker ineligibility and that they may reapply. In our opinion, the court has no jurisdiction to order such an award. Rothstein v. Wyman, 2 Cir. 1972, 467 F.2d 226, relying on Judge Gignoux's opinion in Westberry v. Fisher, D.Me.1970, 309 F.Supp. 12, 18–21. Contra, Jordan v. Weaver, 7 Cir. 1973, 472 F.2d 985, cert. granted sub nom. Edelman v. Jordan, 1973, 412 U.S. 937, 93 S.Ct. 2776, 37 L.Ed.2d 398. If the Supreme Court rules otherwise, the defendants will presumably entertain claims for retroactive awards (prior to the hearing, defendants volunteered to review the file of the named plaintiff and, if she is eligible, to pay her benefits from the date of her application) covering the period previous to entry of judgment in these proceedings.

With respect to members of the broad second class of plaintiffs, embracing persons other than women barred from eligibility by the homemaker rule, who received inadequate notice of the reasons for the denial of their claims for APTD, the court would deny retroactive awards to them on equitable grounds even if it develops that the court has jurisdiction to order such awards. The basis of this ruling is the impracticability of the defendants' determining whether or not such claimants were prejudiced or harmed by the insufficiency of the notices sent to them. Some probably were. But to locate such claimants and to compensate them fairly for losses caused by the illegality in question, as differentiated from granting them a windfall, would be virtually impossible. Time devoted to such an undertaking would certainly harm beneficiaries of other programs in Massachusetts, e. g., recipients of Aid to Families with Dependent Children, many of whom are unable to obtain administrative decisions on applications for additional aid within the 60-day period fixed by federal regulations (see contempt proceedings in Banner v. Smolenski et al., C.A. 69–1053–G). Retroactivity in the instant case would require a comprehensive review of the facts and findings in the file of each individual applicant, whereas in the *Rothstein* and *Jordan* cases eligibility involved blanket and readily ascertainable criteria such as residence and observance of time limits within which to decide claims.

Summarizing, judgment will be entered on the first three claims of the complaint dismissing them on the· ground of mootness. On the fourth claim of the complaint, judgment will be

88

entered for plaintiffs declaring that the Manual's provision as to notice is illegal under federal law. An injunction is not ordered because there is no need for one; the defendants, by revising the Manual before judgment and undertaking a review of the named plaintiff's file, have demonstrated their intention to act in accordance with declarations as to the requirements of the law. The prayer that the defendants be ordered to notify promptly women denied APTD because of the homemaker rule is granted and an order to that effect will be entered. The prayer for retroactive payments is denied.