**Francisca MÉNDEZ**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE.**

**Civ. No. 544–68.**

United States District Court,
D. Puerto Rico.

June 4, 1970.

Puerto Rico Legal Services, Mayaguez, P. R., for plaintiff.

Candita R. Orlandi, Asst. U. S. Atty., San Juan, P. R., for defendant.

MEMORANDUM OPINION
AND ORDER

FERNANDEZ-BADILLO, District Judge.

Francisca Méndez has requested judicial review [1] of the final decision of the Secretary of Health, Education and Welfare refusing her application [2] for a period of disability and the corresponding disability insurance benefits. This application, dated December 12, 1966, set forth her disability [3] as "gall bladder condition, dizziness, ulcers, arthritis,

---

1. No memorandum in support of the complaint was filed by claimant.

2. Claimant filed a previous application on October 19, 1964 alleging arthritis throughout the body and nervousness as disabling impairments. Said application was denied at the administrative level and no judicial review was sought.

3. Plaintiff made the following remarks in her 1966 application:
   "I have filed for disability before and been denied and advised to reapply if my condition worsened. It is worse and I am to be operated on, so I wish to apply now."

weight loss" and fixed the date of onset at September 8, 1966. A request for a hearing was filed on February 2, 1968 wherein claimant waived her right to appear and present evidence, choosing instead a decision on the evidence before the examiner. She indicated in said request that she had gall bladder and ulcer trouble but was "afraid of operation for fear of complication." The examiner rendered his decision on the evidence of record without a hearing on March 15, 1968 and observed that "a careful review of the claimant's complaints and medical history indicates that although claimant had been variously treated periodically for intestinal complaints, it is not shown that there has been any residual functional incapacity to engage in work of the type she has previously performed" (Tr. p. 18). Five days later claimant made a written statement for the use of the Social Security Administration which in the part pertinent herein reads as follows:

"I cannot work as I am afraid to go out as I get dizzy very often.

I have been told that I have a peptic ulcer and I cannot be operated on for it. If I did I would die.

Now the Drs. tell me I have a hernia in the chest. I also have gall bladder trouble."

These statements pretty well cover the subjective complaints of plaintiff. In addition, there is ample medical evidence on record concerning the different maladies which have allegedly aggrieved her for years.

This wage earner's personal history reveals that she was born in 1910 and has 3rd grade schooling. A 1964 report of contact made in New York where she was then residing informs that plaintiff worked since 1940 in the garment center cleaning and examining clothes. This was unskilled, sedentary work which required no sewing and which was always performed in the mainland. Mrs. Méndez has never worked in Puerto Rico,

and since September 1966 she has not engaged in any kind of job nor looked for one (Tr. p. 98). In a 1966 disability interview (Tr. p. 94) claimant declared that lack of energy, dizziness, stomach pains and weight loss were the reasons for quitting work on September 8, 1966. A subsequent report of contact made on May 1, 1967 points out that one Dr. Enriquez had, according to claimant "stated that she should not go for the operation."

As stated before there is a mass of medical evidence on record which was evaluated by the examiner upon reaching his determination. Judicial scrutiny is, of course, limited by the substantial evidence standard. The record shows that plaintiff was an out-patient at St. Vincent's Hospital, New York, from September 1964 throughout the years 1965, 1966 and was last seen at their gastroenterology clinic on February 14, 1967. An upper gastrointestinal series performed in November 1964 showed a deformed duodenum compatible with ulcer disease and two diverticula of the second portion of the duodenum (Tr. pp. 69, 73). X-rays were again taken on July 28, 1965 and two possibilities were then reported:

(1) a superficial spreading carcinoma in distal antrum,

(2) an antral gastritis secondary to a juxta-pyloric ulcer.

Hospitalization was advised but she refused it on more than one occasion and insisted on being operated on in Puerto Rico (Tr. pp. 68, 72, 74, 78, 100). No weight loss was reported in 1965 and chest X-ray was normal. A letter dated March 17, 1967 from St. Vincent's Hospital [4] closes with the following observation.

"When last seen the patient was doing well and only had occasional pain. It is felt that patient is not disabled on basis of her gastro-intestinal illness. She manifests hypochondriac symptoms. Patient complained of diz-

---

4. The letter contains a summary of the treatment received by plaintiff and is signed by the medical record librarian.

ziness but on examination there were no findings. She was referred to social service and advised to return to our GE clinic 2–21–67 but failed to do so."

There are two 1965 medical reports which merit comment. Dr. Edward King, internist, reported the existence of minimal degenerative osteoarthritis of the fingers[5] and recommended intensive medical care or surgical intervention to remedy epigastric pain and peptic ulcer. No contraindications to surgery were found. On May 4, 1965 claimant was examined by one Dr. O'Malley, a New York psychiatrist, whose diagnosis was phycophysiological disorder, gastrointestinal. He found plaintiff was "grossly oriented" and pointed out that:

"There does not appear to be any deterioration in the patient's mental condition. She appears able to care for her personal needs. She appeared able to relate to others both intra and extrafamilially. Mis Mendez appears independent and does not appear to have any need for supervision * * *" (Tr. p. 63)[6]

A careful examination of the record reveals that surgery has been recommended throughout her long history of medical treatment to remedy the gastrointestinal disorders[7] which are her chief complaints. Although in a report of contact dated May 1, 1967 this wage earner indicated that a Dr. Enríquez had advised against surgery (Tr. p. 98), there is nothing in the record confirming this. Contrariwise, a later report of contact made on December 12, 1967 states as a fact that Dr. Enríquez advised claimant "to have a cholecystecto-my" but she did not return and "he is unable to state her current residual functional capacity or the severity of her cholecystitis" (Tr. p. 99)[8]

The last medical report found in the record, dated November 21, 1967 by Dr. Karl Pickard, reveals normal findings after a chest X-ray, absence of marked weight loss and normal motion of hands, arms and legs. His impression was that: "This patient gives evidence of a prepyloric ulcer with partial obstruction. Although her symptoms have been present for many years, I feel that surgical intervention is in order." No contraindications to surgery were found.

■ The above presents a fairly complete summary of the medical evidence evaluated by the examiner upon reaching the administrative decision that claimant was not disabled and could perform her usual occupation. The consensus of medical opinion is that claimant must submit to surgery to free herself of gastrointestinal ailments. There is no evidence that such an operation will result in further harm to her or place her in danger. However, she has simply refused surgery throughout the long clinical course as a patient. Her fears of complication and possible death are not borne out by the record. An impairment which can be reasonably remedied by treatment cannot serve as basis for a finding of disability. Stillwell v. Cohen, 411 F.2d 574 (5th Cir., 1969). The remaining impairments claimed by plaintiff—weight loss, dizziness and arthritis—are not disabling in light of the evidence before the examiner. They are subjective complaints which are not sustained by the medical reports and findings.

5. The following % loss of use were reported:
   a. Left upper extremity 5% Left lower extremity 0%
   b. Right upper extremity 5% Right lower extremity 5%

6. Although plaintiff did not claim a mental impairment there are various indications throughout the record that she suffers from nervousness and anxiety.

7. A medical report dated May 1, 1967 of the Union Health Center, New York, shows that she received treatment there since 1947 and gave gall bladder disease and old duodenal ulcer as diagnoses.

8. The person contacted for said report was Dr. Rogelio Enríquez. The report is signed by Russell F. Minton, Jr. M.D.

The Court is convinced that substantial evidence exists to support the findings recommended by the examiner and adopted by the Secretary of Health, Education and Welfare. Accordingly, the complaint filed by Francisca Méndez on August 22, 1968 is dismissed and the final decision of the Secretary is hereby affirmed.

It is so ordered.