**Dolores Matos COLON, Plaintiff,**

v.

**Elliot L. RICHARDSON, Secretary of Health, Education and Welfare, Defendant.**

**Civ. No. 907–72.**

United States District Court, D. Puerto Rico.

Aug. 6, 1973.

Juan Santiago Ramirez, Bayamon, P. R., for plaintiff.

Julio Morales-Sanchez, U. S. Atty., San Juan, P. R., for defendant.

### ORDER

TOLEDO, Chief Judge.

This is an action brought to us under Section 205(g) of the Social Security Act (hereinafter the Act), Title 42, United States Code, Section 405(g), for the purpose of our determining whether the Secretary's decision denying this plaintiff payment of disability benefits, is supported by substantial medical evidence in the record.

After a review of the record, we feel there is one portion of the Secretary's decision that is not substantiated with as much medical evidence as we feel it should be and so remand for specific determinations explained below.

The plaintiff alleges he became unable to engage in substantial gainful activity as of February 1970, due to arthritis (Tr. 73). Title 42, United States Code, Section 423.

At the hearing, this plaintiff testified that he cannot work because his hands swell and he is unable to grasp anything (Tr. 33). Dra. Santiago of the State Insurance Fund stated in her report that this plaintiff's arthritic condition is "not related but *aggravated* by work condition" (emphasis ours) (Tr. 117). His condition has been medically diagnosed as severe osteoarthritis and it has been recommended that strenuous activity involving full range of motion of joints be avoided (Tr. 143). In July of 1969, Dr. José Pasalacqua indicated in his diagnosis that this plaintiff's condition might have developed as a consequence of alternating exposure to very cold and hot temperatures (Tr. 137). Dr. Gemma Lichtenstein reported two years later that in view of such a finding, the plaintiff should only do work in an area of stable temperature (Tr. 150).

As this plaintiff's arthritic condition seems to have affected his lower extremities (Tr. 138), the hearing examiner asked the vocational expert at the hearing whether there were any available jobs near plaintiff's home which would not require either prolonged standing or fine fingering (Tr. 51).

While some medical evidence in the record indicates this plaintiff's condition has not affected his dexterity to an abnormal degree (Tr. 147), the hearing examiner seems to place a great deal of reliance on the remediable aspects of his condition (Tr. 58).

The plaintiff testified at the hearing that at times his hands become swollen he cannot grasp anything (Tr. 56). He testified, in addition, that this condition persists even while taking medication (Tr. 57), and only subsides with injections (Tr. 58).

The hearing examiner then finds that as the swelling condition "comes up twice a month, three times a month, or whatever—you can go to the doctor on those times, get the injection and continue working" (Tr. 58).

■■ If the hearing examiner has based his opinion that this plaintiff can work on the remediable aspect of his condition, then we fail to see what medical evidence in the record indicates how often he would need treatment, and what effect such treatment would have. More specifically, this Court has decided that a claimant who is unable to compete with others due to his ailments, albeit remediable to some extent, is disabled under the Act. Caraballo v. Secretary of Health, Education and Welfare (D.C. P.R.1972), 346 F.Supp. 93. We want to stress at this point that the Social Security Act is not an ancillary unemployment device, Reyes Robles v. Finch (1st Cir. 1969), 409 F.2d 84, and that disability under the Act does not depend on current hiring practices or unemployment rates, as plaintiff's attorney suggests. Rosario v. Secretary of Health, Education and Welfare (D.C.P.R.1971), 324 F.Supp. 1321.

■ An impairment which can be *reasonably* remedied by treatment cannot serve as basis for a finding of disability, Mendez v. Secretary of Health, Education and Welfare (D.C.P.R.1970), 313 F.Supp. 835.

■ The medical evidence available in the record does not show how often this plaintiff would need treatment or what effect such treatment would have on his ability to realize effectively even the work suggested by the vocational expert. In other words, we do not feel there is enough medical evidence to show specifically whether this plaintiff's ailments are subject to reasonable remedy procedure.

Accordingly, we remand with instructions that the Secretary make specific findings consistent with this opinion.

It is so ordered.