**Alden B. RYAN, Appellant,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE OF the UNITED STATES of America, Appellee.**

**No. 21672.**

United States Court of Appeals
Ninth Circuit.

April 9, 1968.

James K. Perry (argued), of Ferr, Rinkwich & Perry, Venice, Cal., Alden B. Ryan, Glendale, Cal., for appellant.

Dzintra I. Janavs (argued), Asst. U. S. Atty., William M. Byrne, Jr., U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief, Civil Division, Los Angeles, Cal., for appellee.

Before HAMLEY, KOELSCH and ELY, Circuit Judges.

PER CURIAM.

This is an appeal by an unsuccessful applicant for disability insurance benefits provided by Section 223 of the Social Security Act [42 U.S.C. § 423].

The Secretary denied the application on the sole ground that Ryan, the applicant, did not meet the precondition of "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment"; in essence, the Secretary's conclusion was that Ryan was mentally and physically able to work and that his plight was wholly due to a complete lack of environmental adaptability.

The record contains substantial evidence to that effect. Until 1960 Ryan had always resided in Illinois. His home, his work and his social and fraternal ties had all been in Chicago. However, in that year he and his wife left that city, coming to Los Angeles to live near their married daughter. Ryan soon learned that he could no longer engage in his lifelong vocation. While in high school he had started working part time in a pharmacy, and shortly afterwards secured a license as an apprentice. Having been so licensed prior to 1917, he had been permitted to take the Illinois pharmacists examination, under a waiver of the customary educational requirements, and had passed. But California did not extend reciprocity to pharmacists from other states and Ryan lacked the educational qualifications required of its applicants. Finally, in the fall of 1961, he took a job as a clerk in a pharmaceutical supply house; while working he fell from a ladder and suffered some injury to his left shoulder which, although painful, did not prevent him from continuing. However, in December he was fired. In the words of his immediate superior in charge "Ryan was an efficient man, but his disposition was so bad that it was becoming intolerable. He had to go."

He did not work at all throughout 1963 and in 1964 went back alone to Illinois, where he resumed his occupation as a pharmacist. However, after a short time and for reasons other than medical, he returned to his home in California. He has since been unsuccessful in holding any job.

While it is true that Ryan suffers from many afflictions common to advancing age, in the opinion of several examining doctors, including one specializing in psychiatry, his inability to engage in gainful activity is neither physical nor the result of mental disease, but is the emotional product of a chronic anxiety aggravated by frustration and bitterness in his present environment. But, as the Hearing Examiner aptly stated in his report: "These circumstances are not the criteria for entitlement." [1]

None of the other points urged by Ryan having merit,

The judgment is affirmed.

---

1. After the parties had filed their briefs, Congress amended Section 223 of the Social Security Act [42 U.S.C. § 423] to add a definition of "physical or mental impairment":

"For purposes of this subsection, a 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."

Pub.L. No. 90–248, § 158, 81 Stat. 821 (Jan. 2, 1968), 1967 U.S.Code Cong. & Ad.News, pp. 923, 983. We discovered this development after the matter had been submitted for decision and the draft opinion had been agreed upon. We then requested supplemental briefs and the Secretary alone responded.

In the recent case of Dean v. Gardner, 9th Cir., 393 F.2d 327 (decided on March 29, 1968) this court held that the amendment was applicable to cases, such as this, which were pending on appeal. See Whitt v. Gardner, 6th Cir., 389 F.2d 906 (decided on February 17, 1968). The requirement in the amendment that the impairment be "demonstrable by medically acceptable clinical and laboratory diagnostic techniques" serves to emphasize the need for objective medical evidence of disability. In the present case Ryan's inability to secure employment is the result of emotional and environmental factors rather than the result of a medically determinable physical or mental impairment. We therefore conclude that the amendment serves to provide additional support for the Secretary's decision.