**Enis MULLINS, Plaintiff-Appellant,**

v.

**John W. GARDNER, Secretary of Health, Education and Welfare, Defendant-Appellee.**

**No. 17772.**

United States Court of Appeals
Sixth Circuit.

Decided June 7, 1968.

Ronald W. May, Pikeville, Ky., for appellant.

J. T. Frankenberger, Asst. U. S. Atty., Lexington, Ky., for appellee, George I. Cline, U. S. Atty., Lexington, Ky., on the brief.

Before PHILLIPS, McCREE and COMBS, Circuit Judges.

PER CURIAM.

This action was brought by appellant, Enis Mullins, seeking review of a final decision of the Secretary of Health, Education and Welfare denying his application for benefits under §§ 216(i) and 223 of the Social Security Act, 42 U.S.C. §§ 416(i) and 423. The District Court found that there was substantial evidence to sustain the Secretary's finding and dismissed the complaint.

Appellant filed a similar application in 1961, which was denied at all administrative levels and that finding was affirmed by the District Court in 1963.

In his present application appellant alleges the same effective date of disability and the same impairment claimed in the prior case but in the present case he has introduced additional medical evidence on the question of disability.

The claim of disability is based for the most part on low back pain and limitation of motion in his back and lower extremities. Appellant had a spinal fusion in 1953, followed by an uneventful recovery, and a return to work the same year at his usual occupation of mining coal.

It is conceded in brief that there is substantial evidence to support the hearing examiner's finding that appellant is capable of performing "the segregated job tasks of those jobs enumerated by the vocational witness." Appellant's main argument is that the vocational expert failed to show that there were job opportunities available to appellant in the general area in which he resides. The substance of the vocational expert's testimony is that the jobs which appellant could perform are as far distant as one hundred and fifty miles from appellant's home.

Section 223 of the Social Security Act was amended in 1967, during the pendency of this action, to read:

"[A]n individual * * * shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the *national economy* regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." [Emphasis added.]

The amendment applies to this action. Public Law 90–248, 81 Stat. 821, § 223 (e).

The amendment has nullified appellant's argument that there is no evidence of gainful work opportunities for him in the area in which he lives. The test under the 1967 amendment is whether such work exists in the national economy, and that is defined in the amendment

to mean "work which exists in significant numbers either in the region where such individual lives or in several regions of the country." Under this test it is clear that appellant has not established his disability within the meaning of the Act.

There being substantial evidence to support the finding of the Secretary, the judgment of the District Court is affirmed.