Jimmie ROSE, Plaintiff-Appellant,

v.

Wilbur COHEN, Secretary of Health, Education and Welfare, Defendant-Appellee.

No. 18648.

United States Court of Appeals
Sixth Circuit.

Feb. 13, 1969.

Ronald W. May, Pikeville, Ky., for plaintiff-appellant.

George I. Cline, U. S. Atty., Moss Noble, Asst. U. S. Atty., Lexington, Ky., for defendant-appellee.

Before WEICK, Chief Judge, O'SULLIVAN and PHILLIPS, Circuit Judges.

PER CURIAM.

This is an appeal from the judgment of the District Court affirming the final decision of the Secretary of Health, Education and Welfare, which denied appellant's application for disability benefits under the Social Security Act, §§ 216(i) and 223, 42 U.S.C. §§ 416(i) and 423. The appeal was submitted to the Court on briefs and the record without oral argument.

The only question before us is whether the Secretary's finding that appellant is able to engage in substantial gainful work which exists in the national economy is supported by substantial evidence in the record.

Appellant is a 58-year old coal miner who completed the third grade of·school, and although he can read simple print, he can write only his name. He filed an application with the Secretary on March 19, 1963, alleging disability from November 13, 1962 due to second stage silicosis.

Appellant's claim was denied initially and on all subsequent administrative appeals. Thereafter he filed a timely appeal in the District Court, which remanded the case to the Secretary for further administrative proceedings. On June 15, 1965, the hearing examiner issued a recommended decision denying appellant's claim and the Appeals Council adopted the decision in full.

At the remanded hearing two medical experts testified that the appellant had the physical capability to perform light or sedentary work in a dust-free atmosphere. On cross-examination one of the medical experts testified that he was uncertain that appellant could perform the jobs enumerated by the vocational witness on a sustained basis, depending upon the nature of the job. The other medical expert stated on cross-examination that he did not know what all the jobs were. The vocational expert, relying upon secondary sources including The Detailed Census Characteristics of the Population relating to West Virginia and Kentucky, the 1964 Kentucky Industrial Directory, and the West Virginia Manufacturer's Directory, testified that the appellant had the transferability of skills to perform light or sedentary work and that such work existed in the geographic area in which appellant lived. Appellant testified that he suffered "blind dizzy spells" two to three times a day, which required him to rest for periods of up to an hour. No medical testimony was offered to support appellant's claim that he suffered dizzy spells.

The hearing examiner found that appellant's condition precluded him from working in coal mines. The substantial question in the case is whether he had the capacity to engage in other substantial gainful activity, taking into account his age, educational qualifications, work experience and physical condition.

The Appeals Council found that appellant's respiratory impairments, principally pneumoconiosis, were essentially mild and resulted in only slight restriction in his breathing capacity. In other respects his condition was essentially normal.

■■■ This Court is bound by the findings of the Secretary if they are supported by substantial evidence. 42 U.S.C. § 405(g). Walters v. Gardner, 397 F.2d 89 (6th Cir. 1968); Lewis v. Gardner, 396 F.2d 436 (6th Cir. 1968); Lane v. Gardner, 374 F.2d 612 (6th Cir. 1967). We are of the opinion that there was substantial evidence to support the findings of the Secretary that the appellant was capable of engaging in substantial gainful work.

■■■ Appellant also argues that the testimony of the vocational witness does not support the finding that there were jobs existing as distinct job entities either within or without the region of appellant's residence. Although the vocational witness did not have personal knowledge of any jobs, he did enumerate jobs listed in several secondary reference sources.

During the pendency of this action, Section 223 of the Social Security Act was amended in 1968, as follows:

"(2) For purposes of paragraph (1) (A)—

(A) an individual (except a widow, surviving divorced wife, or widower for purposes of section 202(e) or (f) shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country." (42 U.S.C. § 423)

The Amendment applies to this action. Pub.L.No. 90–248, § 158(e), 81 Stat. 821 (Jan. 2, 1968). Walters v. Gardner, *supra;* Mullins v. Gardner, 396 F.2d 139 (6th Cir. 1968); Davis v. Gardner, 395 F.2d 681 (6th Cir. 1968). The Amendment does not require that the vocational witness have personal knowledge of the exact nature and duties of the jobs listed.

There is substantial evidence to support the finding that such work that the appellant can perform exists in the national economy. Accordingly, the judgment of the District Court is affirmed.