Lawrence J. LABEE, Plaintiff-Appellant,

v.

Wilbur J. COHEN, Secretary of Health, Education and Welfare, Defendant-Appellee.

No. 26850.

United States Court of Appeals
Fifth Circuit.

March 19, 1969.

---

1. A similar claim was rejected in United States v. Jordan, 2 Cir., 399 F.2d 610, 615.

C. O. Brown, Alexandria, La., for plaintiff-appellant.

Edward L. Shaheen, U. S. Atty., Leven H. Harris, Asst. U. S. Atty., Shreveport, La., for defendant-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Appellant brought this action under section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), to obtain judicial review of a determination by the Secretary of Health, Education and Welfare that appellant was not entitled to establish a period of disability and to disability insurance benefits under section 223 of the Social Security Act, 42 U.S. C.A. § 423. The District Court granted the Secretary's motion for a summary judgment. We affirm.[1]

The appellant is a forty year old male who claims that he is unable to engage in substantial gainful activity. While in the army in 1953, the appellant was injured when he fell across some timbers which he was attempting to bind with a steel cable. In 1959 the appellant's stomach was removed due to an ulcer condition and an artificial stomach was constructed. The record is replete with evidence that the surgery was successful and that the appellant's period of recovery was normal and uneventful. Since his surgery, the appellant has frequented government hospitals with the same general complaints of arthritis, various aches and pains of the back and internal discomfort.

As used in the Act disability means:

" * * * inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last

---

1. Under Rule 18 the Court has placed this case on the Summary Calendar for disposition without oral argument. See Floyd v. Resor, 5 Cir. 1969, 409 F.2d 714, n. 2 [February 24, 1969].

for a continuous period of not less than twelve months * * * " [2]

If the record contains substantial evidence which supports the findings made by the Secretary, we must affirm. Section 205(g) of the Act, 42 U.S.C.A. § 405(g); Celebrezze v. O'Brient, 5 Cir. 1963, 323 F.2d 989.

■ The appellant presented no evidence other than his own self-serving testimony to support his contention that he was unable to engage in substantial gainful employment. Viewing the extensive medical evidence in the light most favorable to appellant, it shows no more than that he can not do heavy physical labor. There is no showing that he could not do the types of work which he had previously done, i. e., bartending, manning a cash register, or observing a rise grinding machine operate that he could stop by pushing a button. On the other hand there is substantial evidence in the record that in spite of the fact that his doctors have told appellant that he could work, the appellant has made up his mind that he will not do so. It is the appellant's attitude and not his aptitude which prevents him from engaging in gainful employment.

■ The appellant also asserts that no work of a reasonable character is available for him to do in his locality. This is of no avail. Work of a "reasonable character" is not the proper criteria, nor is the job area confined to appellant's locality.[3]

After a careful review of the record, including the administrative transcript, we agree with the District Court that the findings made by the Secretary are supported by substantial evidence and that the Secretary applied the proper legal standards.

Affirmed.

March 24, 1969.

---

2. § 216(i) of the Social Security Act, 42 U.S.C.A. § 416(i); § 223(d) (1) (A) of the Social Security Act, 42 U.S.C.A. § 423(d) (1) (A).

3. § 158(b) of the Act, 81 Stat. 821, provides among other things the following: "(2) For purposes of paragraph (1) (A)—

  (A) An individual * * * shall be determined to be under a disability only if his physical or mental impairment are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy,

regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy,' means work which exists in sufficient numbers either in the region where such individual lives or in several regions of the country."

§ 158(e) (2) (b) of the Act makes this provision applicable to cases pending in courts where "the decision in such civil action has not become final" prior to the effective date of the amendment (January 2, 1968).