**Lawrence L. GAMBILL**

v.

**Robert H. FINCH, Secretary of Health, Education and Welfare.**

**Civ. A. No. 6668.**

United States District Court, E. D. Tennessee, N. D.

Jan. 19, 1970.

E. Michael Ellis, Howell N. Peoples, Legal Aid Clinic, University of Tennessee, Division of Law, Knoxville, Tenn., for plaintiff.

John L. Bowers, Jr., U. S. Atty., W. Thomas Dillard, Asst. U. S. Atty., Knoxville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

Jurisdiction in this social security appeal is fixed by 42 U.S.C. § 405(g). The plaintiff questions the application of 42 U.S.C. § 424a[1] to his particular case.

On April 22, 1963, plaintiff received an injury which entitled him to workmen's compensation under Michigan law and to disability benefits under the social security law. 42 U.S.C. § 423. Plaintiff negotiated a lump sum workmen's compensation settlement with his employer on May 13, 1965.

---

1. "§ 424a. *Reduction of disability benefits through receipt of workmen's compensation*

"(a) If for any month prior to the month in which an individual attains the age of 62—

"(1) such individual is entitled to benefits under section 423 of this title, and

"(2) such individual is entitled for such month, under a workmen's compensation law * * * the total of his benefits under section 423 of this title for such month * * * shall be reduced [by the appropriate statutory formula.]"

At that time there was no statute that required a reduction of disability benefits because of workmen's compensation. The predecessor of 42 U.S.C. § 424a, Section 424, had been in effect for only thirteen months and was repealed in 1958. The current statute was adopted by the social security amendments of. 1965 and became effective on January 1, 1966.

Plaintiff applied for and was awarded benefits, but. before any payment was made the award was reduced by application of the statutory formula. The reduction applies for 219 weeks, the number of weeks covered in the workmen's compensation settlement.

The Hearing Examiner was of the opinion that the deductions were not proper because they defeated the purpose of the disability benefits. On its motion, the Appeals Council heard the case and decided the deductions were appropriate. Plaintiff has appealed to this Court, and the defendant has moved for summary judgment.

The question is whether any vested interest in social security benefits accrues to the wage-earner who supported the legislation by tax payments. In deciding that legislation of a similar nature did not deprive one of any property right, the Supreme Court noted that "[o]f special importance in this case is the fact that eligibility for benefits, and the amount of benefits do not in any true sense depend on contribution to the program through the payment of taxes, but rather on the earnings record of the primary beneficiary." Flemming v. Nestor, 363 U.S. 603, 609, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960).[2] The Court noted the "highly complex and interrelated statutory structure" and stated, "To engraft upon the Social Security system a concept of 'accrued property rights' would deprive it of the flexibility and boldness in adjustment to ever changing conditions which it demands." (Id. 611, 80 S.Ct.)

While the Due Process Clause would protect plaintiff from an arbitrary exercise of Congressional power, the Court is unable to conclude that the statute is arbitrary. In this complex area fears that duplication of benefits under the two programs would have hindered the development of workmen's compensation programs would be adequate reason for the change.

Other claimants have suffered by legislative change. Cf. Price v. Flemming, 280 F.2d 956 (C.A. 3, 1960); Bernstein v. Ribicoff, 299 F.2d 248 (C.A. 3, 1962); Knapczyk v. Ribicoff, 201 F.Supp. 283 (N.D.Ill., 1962). See: Mullins v. Gardner, 396 F.2d 139 (C.A. 6, 1968); Davis v. Gardner, 395 F.2d 681 (C.A. 6, 1968); Rose v. Cohen, 406 F.2d 753 (C.A. 6, 1969); Labee v. Cohen, 408 F.2d 998 (C.A. 5, 1969); Ryan v. Secretary of HEW, 393 F.2d 340 (C.A. 9, 1968) (applying 1967 amendments to pending cases).

For the indicated reasons, the motion of the defendant for summary judgment is granted.

---

**2.** This decision precludes any consideration of the jurisdictional question under 28 U.S.C. § 2282.