**Jose Torres ROSARIO, Plaintiff,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.**

Civ. No. 306–70.

United States District Court,
D. Puerto Rico.
April 23, 1971.

**1322**

Felix M. Cifredo Camacho, Bayamón, P. R., for plaintiff.

Wally De-La-Rosa, Asst. U. S. Atty., San Juan, P. R., for defendant.

## MEMORANDUM AND ORDER

FERNANDEZ-BADILLO, District Judge.

This civil action is before the Court upon review of the factual determination of the Secretary of Health, Education and Welfare denying disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Plaintiff has challenged this final decision alleging that there is no substantial evidence to support the same. The statutory scheme of judicial review being limited in nature, the Court is bound to ascertain only whether the record as a whole contains substantial evidence to support the Secretary's findings, Ingles v. Finch (W.D.Va., 1969) 303 F.Supp. 94; Skalet v. Finch (6th Cir., 1970) 431 F.2d 452.

José Torres Rosario, 47 year old laborer with sixth grade schooling, whose chief complaint is back trouble and accompanying pain has claimed total inability to engage in any type of substantial gainful activity. His varied work experience ranges from sugar cane cutter, mason and carpenter to compressor machine operator and foreman. The vocational expert recognized that Torres' physical condition precludes him from engaging in arduous occupations such as those previously performed.

The bulk of the medical evidence consists of State Insurance Fund reports concerning two accidents suffered by plaintiff and consultative examinations made at the request of the Social Security Administration. Plaintiff has fixed the onset of his disability after the 1968 car accident in which he fractured the right clavicle and two dorsal vertebrae (Tr. pp. 25–26).[1] Medical information submitted to the Public Welfare Unit signed by Dr. J. Ruiz on March 17, 1969 reveals a permanent, partial incapacity, a reserved prognosis and recommendation of a Jewet Brace. Two weeks later this same physician reported only partial incapacity, the prognosis was one of improvement with time and he further recommended work of a light nature.

On June 13, 1969 Dr. Rafael Arrillaga Torrens, an internist with sub-specialty in cardiology, having thoroughly examined plaintiff commented as follows:

"* * * Physical examination shows swollen sternoclavicular joints; otherwise no physical findings. May truly have some radicular pain. X ray shows osteoarthritis at site of dorsal vertebral trauma in 1968. Pt.

---

1. He received workmen's compensation for a back injury resulting from an accident which occurred in 1967 while working as a carpenter. He successfully returned to work putting up fences, breaking stones and serving as foreman with the Administration of Social Program until he was re-injured in 1968.

has moderate difficulty in bending and using right shoulder. X rays also show scoliotic defect." (Tr. p. 153)

Shortly thereafter claimant submitted to an orthopedic evaluation by Dr. Raúl Roura[2] who reported the existence of a "lumbar sprain and difficulties secondary to it and his stiff back." He presented difficulty bending, squatting, stooping and kneeling. Plaintiff was cautioned on protecting his back with a corset and to avoid heavy or moderate lifting. A 1970 report by Dr. Julio Gonález, general practitioner, presents the same clinical picture as heretofore described.

 Having thus briefly summarized plaintiff's personal history, the Court must now determine whether there is substantial evidence to back the Secretary's finding that this man, although admittedly foreclosed by reason of physical impairments from resuming his prior work activities, nevertheless, retains sufficient residual capabilities to engage in less arduous occupations. No two cases are alike. Each one must be seen in the light of the totality of circumstances surrounding the claim. In the present situation no significant work restrictions have been placed upon claimant other than general expressions against heavy, strenuous activities. This functional limitation was readily recognized by the examiner. The weakness of Torres' claim lies in the fact that he has simply failed to prove by a preponderance of the evidence his inability to engage in substantial gainful activity other than his usual occupations. Gray v. Finch (6th Cir., 1970) 427 F.2d 336. The standard is not inability to be hired, but complete inability to work, to perform any kind of substantial gainful activity. King v. Finch (5th Cir., 1970) 428 F.2d 709. As early as April 1969, five months after the allegedly disabling injury, plaintiff's attending physician stated in a report that he could "do light work." (Tr. p. 133) Plaintiff has made no attempt to find work since the 1968 accident occurred (Tr. p. 31). When the vocational consultant concluded his testimony relative to light, non-skilled tasks available in the shoe industry, plaintiff's only remark was "I don't think I could do any of those jobs" (Tr. p. 48). It has been held that:

> "Where a claimant * * * has failed to make an effort to obtain employment, it seems obvious that a finding of non-disability can be supported on less evidence than where a claimant has attempted unsuccessfully to obtain employment, or, having found employment, has been unable to carry it through."

Miracle v. Celebrezze (6th Cir., 1965) 351 F.2d 361 cited in Patton v. Finch (W.D.N.C., 1969) 305 F.Supp. 810.

The facts as set forth by the plaintiff picture him as a completely helpless, ailing individual whose physical handicaps compel him to seek help even in shaving and dressing. This, however, is without foundation in the medical data on record which indicate some limitation of movement and some * * * pain. As stated in Calpin v. Finch (W.D.Pa., 1970), 316 F.Supp. 17, at page 22:

> "The inability of an individual to work without some pain or discomfort does not necessarily satisfy the test for disability under the Social Security Act. * * * Plaintiff has the burden of proving that his pain is disabling."

Realistically judged by his age, education, training and experience, Stewart v. Cohen (E.D.N.Y., 1970) 309 F.Supp. 949 it can fairly be held that plaintiff's present impairment does not preclude the performance of any substantial gainful activity and that the Secretary has met his burden in asserting the availability of jobs within claimant's capabilities and potential.

Therefore, it is ordered that the final decision of the Secretary of Health, Education and Welfare is affirmed and the complaint be and is hereby dismissed.

2. Orthopedic surgeon.