**Santos Pabon SANTIAGO, Plaintiff,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.**

**Civ. No. 327–70.**

United States District Court,
D. Puerto Rico.

Oct. 21, 1971.

Paul B. Smith, Jr., San Juan, P. R., for plaintiff.

Julio Morales Sánchez, U. S. Atty., San Juan, P. R., for defendant.

## MEMORANDUM AND ORDER

TOLEDO, District Judge.

This is an action seeking review of a decision of the Secretary of Health, Education and Welfare, denying plaintiff an application for disability insurance benefits under Sections 216(i) and 223(d) of the Social Security Act, as amended. Title 42, United States Code, Sections 416(i) and 423(d).

Plaintiff, a former agricultural laborer and an unskilled factory worker, with a fourth grade education, filed, on May 4, 1968, with the Social Security Administration, a claim for disability insurance benefits.[1] He alleges inability to work beginning November 4, 1967, because of a nervous condition and poor

---

[1]. The certified transcript of the administrative record reflects that, previous to the application under our consideration, the plaintiff has filed, in the Social Security Administration, various petitions for disability insurance benefits. On August 4, 1960, he filed an application alleging inability to engage in work, commencing March 5, 1960, because of a crippled left hand, broken right clavicle and hernia. Next he filed an application, on July 16, 1963, claiming a disabling wound of the left hand since May 1963. Lastly, on July 23, 1964, the plaintiff claimed a disability, commencing on June 1964, due to tuberculosis. The above stated applications were denied by the Social Security Administration. No appeal was ever filed by the plaintiff, on any of those applications, thus failing to exhaust his available administrative remedies. Accordingly, those previous applications are not before the Court.

eyesight. On March 12, 1970, the decision of the hearing, examiner, denying the requested benefits, was affirmed by the Appeals Council of the Social Security Administration.

■ Plaintiff's earnings' record shows that the special earnings requirement of the Social Security Act were met on November 4, 1967, and through the quarter ending on March 31, 1969, but not thereafter. Therefore, in order to be entitled to a period of disability or to disability insurance benefits, plaintiff must establish that he was under disability [2] which commenced on or prior to March 31, 1969.

*The only issue before this Court is* whether the decision of the Secretary of Health, Education and Welfare, that plaintiff was not entitled to a period of disability or disability insurance benefits under the Act, is supported by substantial evidence from the record as a whole.

Sections 216(i) and 223(d) of the Social Security Act, Title 42, U.S.C., Sections 416(i) and 423(d) defines the term "disability" to provide, in part:

"(d) (1) The term 'disability' means—

(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months; * * *

(2) For purposes of paragraph (1) (A)—

(A) an individual * * * shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy regardless of whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

(3) For purposes of this subsection, a 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."

And Section 223(d) (5) of the Act, 42 U.S.C. § 423(d) (5), as added to the Act by Section 158(b) of Public Law 90–248, the Social Security Amendments of 1967, provides that:

"(5) An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Secretary may require."

■ Establishment of entitlement to the benefits claimed is the burden of the plaintiff. Henry v. Gardner, 381 F.2d 191, (6 Cir.1967); Stumbo v. Gardner, 365 F.2d 275, (6 Cir.1966); May v. Gardner, 362 F.2d 616, (6 Cir.1966); Centeno Rios v. Secretary, HEW, 312 F.Supp. 1330 (D.P.R.1970). Mr. Santiago recovered from the machete wound of his left hand in 1960 and regained further function of his hand as a result of surgery performed by Dr. Canelas in 1962. His pulmonary tuberculosis diagnosed in early 1965 by Dr. Porrata, has been controlled by medication as evidenced by the negative findings in X-rays taken in May 1965 and taken as recent as 1969. In fact, all sputum tests performed in connection with the plaintiff's tuberculosis have proved negative. To further support the non-disabling ef-

---

**2.** Plaintiff must establish that he suffers an impairment of such a magnitude as to render him disabled within the meaning of the Act; that is, that the impairment precludes him from engaging in any substantial gainful activity.

fect of all his physical conditions, he was capable of returning to work subsequent to the filing of each of his first three applications for disability insurance benefits.

■ With respect to plaintiff's allegations of "attacks" of unconsciousness, an encephalogram taken in February 1969 proved negative. Dr. Fuentes' diagnosis was a conversion reaction for which Mr. Santiago should continue treatment. Further, Dr. Sandoz had prescribed a tranquilizer to assist the plaintiff. The medical evidence has failed to show that the "attacks" rendered the plaintiff unemployable. Moreover, an impairment which is remediable cannot be considered disabling. Stillwell v. Cohen, 411 F.2d 574, (5 Cir.1969); Knox v. Finch, 427 F.2d 919, (5 Cir. 1970); Osborne v. Cohen, 409 F.2d 37, (6 Cir. 1969); Hall v. Gardner, 403 F.2d 32, (6 Cir.1968); Willis v. Gardner, 377 F.2d 533, (4 Cir.1967).

The latest medical evidence shows that plaintiff insists that his only illness involves his heart. As to said complaint, he was treated on February 1969, for what was diagnosed as arteriosclerotic heart disease with congestive failure requiring treatment by digitalis. However, on November 28, 1969, Dr. Arrillaga Torrens, a specialist in general practice and cardiovascular diseases, after a consultative examination conducted for the Appeals Council, failed to confirm the arteriosclerotic heart condition and found no evidence consistent with a cardiac impairment. The physician's impression was that there is no significant functional limitations resulting from plaintiff's past pulmonary or presently alleged cardiac problems.

■ It is well established that a conflict in the medical evidence is for the Secretary as trier of facts to resolve. Moss v. Gardner, 411 F.2d 1195, (4 Cir. 1969); Skeens v. Gardner, 377 F.2d 405, (4 Cir.1967); Martin v. Finch, 415 F.2d 793, (5 Cir.1969); Bailey v. Gardner, 368 F.2d 841, (6 Cir.1966).

Insofar as the plaintiff alleged poor eyesight, there is no evidence of record that he has any eye difficulties or that his visual ability is impaired so as to preclude him for working.

To further support the Secretary's decision, a vocational witness testified at the hearing as to what jobs Mr. Santiago was capable of performing. He stated the only former work plaintiff could not do was one requiring heavy physical exertion but discussed at length the many jobs which would only require light to moderate effort such as planting or fertilizing sugarcane, working in a nursery, or operating an electric press machine. Gray v. Finch, 427 F.2d 336, (6 Cir. 1970); Goad v. Finch, 426 F.2d 1388, (6 Cir. 1970); Rose v. Cohen, 406 F.2d 753, (6 Cir.1969); Mullins v. Gardner, 396 F.2d 139, (6 Cir. 1968).

■ The statutory requirements of section 223(d) (3) of the Social Security Act, as amended (42 U.S.C. § 423(d) (3), that an impairment, to be considered disabling has to be demonstrated by medically acceptable clinical and laboratory techniques, have not been met. Reyes Robles v. Finch, 409 F.2d 84, (1 Cir.1969); Labee v. Cohen, 408 F.2d 998 (5 Cir.1969); Dvorak v. Celebrezze, 345 F.2d 894 (10 Cir.1965); Toledo v. Secretary, HEW, 308 F.Supp. 192 (D.P.R. 1970).

The Court is of the opinion that plaintiff has failed to establish that he has any impairment, or combination of such, that prevents him from returning to work. After a full and careful analysis of the record, this Court concludes that the medical findings substantially support the Secretary's decision that plaintiff's impairments do not limit his functional capacity so as to make him disabled within the meaning of the Act.

The Court will not alter a determination of the Secretary of Health, Education and Welfare if, as in this case, the findings of the hearing examiner are supported by substantial evidence from the record as a whole; even if the Court

would have reached a different conclusion if it were the trier of the facts.

Wherefore, it is ordered, adjudged and decreed, that the complaint filed by the plaintiff be and is hereby dismissed on the aforementioned grounds.

It is so ordered.