Oscar Aponte **LABOY**, Plaintiff,

v.

Elliot **RICHARDSON**, Secretary of Health, Education and Welfare, Defendant.

Civ. No. 515–71.

United States District Court, D. Puerto Rico.

Jan. 10, 1972.

Pedro V. Aguirre, Santurce, P. R., for plaintiff.

Julio Morales-Sanchez, U. S. Atty., for defendant.

## MEMORANDUM OPINION AND ORDER

TOLEDO, District Judge.

This is an action brought by plaintiff under Section 205(g) of the Social Security Act (hereinafter called the Act), Title 42, United States Code, Section 405(g), to review a final decision of the Secretary of Health, Education and Welfare (hereinafter called the Secretary), denying him a period of disability and disability insurance benefits under the applicable sections of the Act; for which he applied on December 10, 1968. Plaintiff, a forty three year old male with an eighth grade education, alleged a disability beginning March 1967, at age thirty eight, due to a "club foot and mental illness." [1]

The Secretary determined he last met the insured status requirements of the Act on June 30, 1968; but found he was not disabled within the meaning of the Act.

All the administrative remedies available were exhausted when the decision of the hearing examiner became the final decision of the Secretary, once the Appeals Council on June 3, 1971, approved said decision.

The statutory scheme of judicial review being limited in nature, this Court is bound to ascertain only whether the record contains substantial evidence to support the Secretary's findings. Santiago v. Secretary of Health, Education and Welfare (D.C.P.R.1971), 336 F.Supp. 1071; Rosario v. Secretary of Health, Education and Welfare (D.C.P. R.1971), 324 F.Supp. 1321.

Plaintiff states his position on this review proceeding as follows: "It is ridiculous the position assumed by defendant to consider that a man that has clubfeet and a paranoid personality plus is an alcoholic, it is not disabled within the meaning of the law. He is certainly unable to engage in any substantial gainful activity. Dr. Diaz Negrón testified that this man's condition prevented him to engage in a substantial gainful activity. The interpretation given to his testimony is biased, arbitrary and prejudicial to plaintiff."

It is settled law that the burden of proof rests upon the plaintiff to establish that he is unable to "engage in any substantial gainful activity by reason of any *medically determinable physical or mental impairment* which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months;" Title 42, United States Code, Sections 416(i) and 423(d). Reyes Robles v. Finch (1 Cir. 1969), 409 F.2d 84; King v. Gardner (6 Cir. 1967), 370 F.2d 652; De Jesús Faría v. Finch (D.C.P.R.1971), 336 F.Supp. 1069; Torres v. Secretary of Health, Education and Welfare (D.C. P.R.1971), 333 F.Supp. 676; although this burden need not be established beyond a reasonable doubt, Cyrus v. Celebrezze (4 Cir. 1965), 341 F.2d 192; De Jesús Faría v. Finch, supra. The Secretary does not have the burden of making an initial showing of nondisability. Justice v. Gardner (6 Cir. 1966), 360 F. 2d 998; De Jesús Faría v. Finch, supra. It is also clear that the mere presence of

---

1. The record before the Court also reveals that plaintiff is affected by some form of alcoholic problems.

a disease or impairment is not in and of itself disabling, for an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." Title 42, United States Code, Section 423 (d)(2)(A). See also De Jesús Faría v. Finch, supra.

The Court disagrees with plaintiff's assertions and is of the opinion that the whole record, considering the medical and the non-medical evidence, contains substantial evidence to support the Secretary's findings. We are fully satisfied that plaintiff has failed to establish that he is unable to engage in any substantial gainful employment by reason of his physical and mental impairments; that is, that his impairments make him disabled within the meaning of the Act. Reyes Robles v. Finch, supra and Salas v. Secretary of Health, Education and Welfare (D.C.P.R.1972) (Memorandum Opinion and Order of December 18, 1972).

The evidence before the Court indicates that plaintiff has engaged for many years in the performance of substantial gainful activity notwithstanding the club feet and mental difficulties. Moreover, there is a total absence of medical evidence which would indicate a severe exacerbation of these impairments subsequent to the date in 1967 when plaintiff stopped working and prior to June 30, 1968, when his insured status terminated. Indeed, the report of Dr. John L. Simon, a neuropsychiatrist, of April 1970, is indicative of a substantial improvement of plaintiff's mental condition in the intervening years.

The opinion of Dr. Huberto Diaz Negrón, a general practitioner, although contrary to that of Dr. Simon, is not dispositive. Dr. Diaz Negrón's opinion seems to be unaware of the definition of the term "disability" under the Act, for he indicated that plaintiff was not disabled within the statutory meaning of the term by stating his opinion was only applicable to work involving personal contact. Also, the opinion of any physician regarding disability is not determinative for it deals with the ultimate issue to be resolved by the trier of facts, that is, the Secretary, Salas v. Secretary of Health, Education and Welfare, supra and Torres v. Secretary of Health, Education and Welfare, supra. Furthermore, in the absence of specific laboratory and clinical diagnostic findings definitive of the extent of impairment, is of little, if any, evidentiary value as well. Title 42, United States Code, Section 223(d), Hall v. Celebrezze (D.C.Ky. 1963), 238 F.Supp. 153, affirmed (6 Cir. 1965), 340 F.2d 608; Tiller v. Celebrezze (D.C.Va.1962), 211 F.Supp. 792.

Insofar, as plaintiff's alcohol problem is concerned, the medical evidence of record fails to indicate that this condition was of any consequence until approximately April 1970, nearly two years subsequent to the termination of his insured status, when plaintiff voluntarily submitted himself for treatment. Whether this impairment became severe enough to prevent plaintiff's performance of substantial gainful activity as of April 1970, is immaterial for our present purposes. It is well established that exacerbation of a previously existing impairment subsequent to the termination of insured status is not germane to a disability under the Act. Henry v. Gardner (6 Cir. 1967), 381 F.2d 191, cert. den. 389 U.S. 993, 88 S.Ct. 492, 19 L.Ed.2d 487 (1967) reh. den. 389 U.S. 1060, 88 S.Ct. 797, 19 L.Ed.2d 864 (1968); Seals v. Gardner (5 Cir. 1966), 356 F.2d 508.

Aside from the medical evidence of record, there is evidence in the record that plaintiff can perform the previous work he had performed.

As to plaintiff's testimony in relation to the extent and severity of his impairments, it suffices to say that the Secretary is not bound to accept as true his self-serving statements. Reyes Robles v. Finch, supra; Labee v. Cohen (5 Cir. 1969), 408 F.2d 998; Peterson v. Gardner (2 Cir. 1963), 391 F.2d 208; Santiago Berrios v. Secretary of Health, Education and Welfare, at note number 5 (Memorandum and Order of December 12, 1972).

In view of the foregoing, it is the opinion of this Court that the Secretary has adequately and according to law considered all the medical and non-medical evidence before it. Although the record contains mixed opinions as to the severity of plaintiff's impairments, as reflected by the medical evidence, it is not our function to substitute our judgment for that of the trier of facts, nor are we permitted to reweigh the evidence since the resolution of conflicting evidence is within the province of the Secretary. The statute requires us to accept as conclusive the Secretary's determination of facts if supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). See also González v. Richardson (1 Cir. 1972), 455 F.2d 953; Salas v. Secretary of Health, Education and Welfare, supra; Santiago Berrios v. Secretary of Health, Education and Welfare, supra; Santiago v. Secretary of Health, Education and Welfare, supra. The conclusive effect of the substantial evidence rule applies not only with respect to the Secretary's findings as to basic evidentiary facts, but also to inferences and conclusions drawn therefrom. Santiago Berrios v. Secretary of Health, Education and Welfare, supra and cases therein cited.

In our opinion, plaintiff has failed to show that the decision of the Secretary is not supported by substantial evidence. The evidence of record, in our opinion, supports the denial of the claim that plaintiff is unable to engage in any substantial gainful activity by reason of his alleged impairments. Reyes Robles v. Finch, supra; Salas v. Secretary of Health, Education and Welfare, supra.

This Court will not alter a determination of the Secretary when, as in this case, the findings of the hearing examiner are supported by substantial evidence from the record as a whole.

Wherefore, it is hereby

Ordered, adjudged and decreed, that the complaint filed by plaintiff herein be and the same is hereby dismissed on the aforementioned grounds.