Consuelo **ZENO**, Plaintiff,

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.**

**Civ. No. 13–70.**

United States District Court,
D. Puerto Rico.

Dec. 12, 1972.

Rafael Martinez Alvarez, Jr., Rafael Martinez Alvarez, III, Jose A. Fernandez Paoli, San Juan, P. R., for plaintiff.

Julio Morales-Sanchez, U. S. Atty., San Juan, P. R., for defendant.

TOLEDO, District Judge.

### MEMORANDUM OPINION AND ORDER

This is an action brought by plaintiff under Section 205(g) of the Social Security Act (hereinafter called "the Act"), Title 42, United States Code, Section 405(g), seeking judicial review of a final decision of the Secretary of Health, Education and Welfare (hereinafter called "the Secretary"), denying her claim for the establishment of a period of disability under Section 216(i) of the Act, Title 42, United States Code, Section 416(i) and for disability insurance benefits under Section 223 of the Act, Title 42, United States Code, Section 423.

Plaintiff basically bases her claim for disability in that she is suffering from osteoarthritis of the cervical spine, as well as from a mental condition.[1] She was 53 years old in 1967, the year the alleged disability commenced. Her work experience consists of 15 years as a sewing machine operator in New York City.

All the administrative remedies were exhausted by the plaintiff when the decision of the Secretary became final on November 9, 1969. At the hearing before the hearing examiner plaintiff was accompanied by a sister, but not assisted by counsel.

Plaintiff meets the insured status requirements through the quarter ending December 31, 1970. Therefore, on the basis of her application of January 23, 1968, she must establish that she was under a disability which commenced prior to December 31, 1970, when she last met the special earnings requirements.

---

1. Her application for disability insurance benefits of January 23, 1968, also refers to a vaginal and gall bladder operation and short sightedness as impairments.

The statutory scheme of judicial review being limited in nature, this Court is bound to ascertain only whether the record contains substantial evidence to support the Secretary's findings. Pabón Santiago v. Secretary of Health, Education and Welfare (D.C.P.R.1971), 336 F.Supp. 1071; Rosario v. Secretary of Health, Education and Welfare (D.C.P. R.1971), 324 F.Supp. 1321.

The term disability, as it applies to this case, is defined in Section 223 of the Social Security Act, Title 42, United States Code, Section 423, to mean in part:

"(d) (1) The term 'disability' means—

(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months; * * *

(B) * * *

(2) For purposes of paragraph (1) (A)—

(A) an individual (* * *) shall be determined to be under a disability only if his physical or mental impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether * * * he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such an individual lives or in several regions of the country.

(B) * * *

(3) For purposes of this subsection, a "physical or mental impairment" is an impairment that results from anatomical, physiological or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

(4) * * *

(5) An individual shall not be considered to ᴗ ' ᴜnder a disability unless he furnishes such medical and other evidence of the existence thereof as the Secretary may require."

In relation to plaintiff's alleged impairment because of her arthritis condition, defendant basically contends that arthritis is a condition that often arises in the course of aging and, conceding it has several degrees of severity, it goes without stating that its effect is not caused by its mere presence but by the limitations on the mobility, flexion and bending imposed by such a condition; that is, that to state that a man has arthritis of the spine does not support an opinion that he is disabled unless the limitations imposed by arthritis are described. Consequently, the defendant states that the medical evidence before it fails to establish such limitations on plaintiff's movements as would preclude her from engaging in her former work.

As to plaintiff's alleged mental impairment, the Secretary argues that evidence of a mental or physical impairment is not enough to warrant an award of disability insurance benefits; for such impairment must also prevent claimant from engaging in any substantial gainful activity; and this, defendant contends, plaintiff has failed to prove.

Counsel for plaintiff argues that claimant's physical and mental conditions have been confirmed by examining physicians, and all of them agree she is unable to engage in any substantial gainful activity by reason of her impairments, and that, consequently, her physical and mental conditions fall clearly under the definition of disability in the Social Security Act, for which reason she requests this Court to reverse the Secretary's decision.

The record at the administrative level shows that plaintiff has been treated for her arthritic condition since 1967. A New York physician diagnosed osteoarthritis of the cervical spine with chronic degenerative disc disease. (Tr. 65). That same year she was denied disability benefits by her union's Health and Welfare Fund, for lack of medical evidence of total disability. (Tr. 67). After she moved permanently to Puerto Rico, she filed, on January 23, 1968, the application for disability insurance benefits, with the Social Security Administration, which gives rise to this cause.

Subsequent examining physicians diagnosed as follows: Dr. Ballesteros, general practitioner, found an anxiety state (among other conditions not relevant to present claim), (Tr. 71). Dr. Rivera Biascochea, internist and cardiologist, stated plaintiff could move around, squat and bend without difficulty. He diagnosed osteoarthritis of the cervical spine and also found an anxiety state. He recommended an orthopedic examination. (Tr. 73). Dr. Cardona, orthopedic surgeon, found plaintiff could not kneel, squat or stoop and could only bend 90°. He diagnosed osteoarthritis of the cervical spine and both knees. (Tr. 75). Dr. Mojica Sandoz, psychiatrist, examined plaintiff on two different occasions and in both, his diagnosis was the same: involutional depressive reaction, chronic, with multiple somatic and visceral symptomatology. He recommended that if adequate psychiatric treatment was given, her prognosis should be a good one. (Tr. 80). He goes on to state that under her mental condition at the time of the examination, she cannot remain for a reasonable time in a regular, self-sustaining, competitive work situation.

■ It is settled law that the burden of proof rests upon the plaintiff to establish that he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment as required by the Act; Title 42, United States Code, Sections 416(i) and 423(d); Robles v. Finch (1 Cir. 1969), 409 F.2d 84; King v. Gardner (6 Cir. 1967), 370 F.2d 652; De Jesús Faría v. Finch (D.C.P.R.1971), 336 F.Supp. 1069; Torres v. Secretary of Health, Education and Welfare (D.C. P.R.1971), 333 F.Supp. 676; although this burden need not be established beyond a reasonable doubt, Cyrus v. Celebrezze (4 Cir. 1965), 341 F.2d 192; De Jesús Faría v. Finch, supra. The Secretary does not have the burden of making an initial showing of non-disability. Justice v. Gardner (6 Cir. 1966), 360 F. 2d 998; De Jesús Faría v. Finch, supra.

■ It is also clear that the mere presence of a disease or impairment is not in and of itself disabling, but it must be shown that the disease or impairment causes functional limitations which preclude plaintiff from engaging in substantial gainful activity. Robles v. Finch, supra; De Jesús Faría v. Finch, supra.

In the case at bar, the medical evidence was conflictive with regard to plaintiff's osteoarthritic condition, specifically Dr. Rivera Biascochea's diagnosis, as compared with Dr. Cardona's. Dr. Rivera Biascochea found that she could move, while Dr. Cardona, the orthopedic surgeon, found that she had limited range of motion with pain and that she could not kneel, squat or stoop.

■■ While we are aware that conflicts in the evidence are to be resolved by the trier of facts, that is, the hearing examiner, Richardson v. Perales, 402 U. S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); González v. Richardson (1 Cir. 1972), 455 F.2d 953; Martin v. Finch (5 Cir. 1969), 415 F.2d 793; Ketron v. Finch (D.C.Va.1972), 340 F.Supp. 845; Santiago v. Secretary of Health, Education and Welfare (D.C.P.R.1971), 336 F.Supp. 1071; and that a physician's opinion regarding disability is not determinative, since it deals with the ultimate issue to be decided by the Secretary, Torres v. Secretary of Health, Education and Welfare, supra; Jones v. Gardner (D.C.Ark.1966), 282 F.Supp. 56, nevertheless, in this case it must be noted

that Dr. Rivera Biascochea, an internist, himself recommended the orthopedic examination to probe deeper into plaintiff's osteoarthritic complaints. (Tr. 73). Also, none of the examining physicians diagnosed that claimant was capable of working.

If plaintiff's osteoarthritic condition were her only claim for disability benefits, we would be bound to uphold the Secretary's decision, because our function is not to reweigh the evidence, Martin v. Finch, supra; González v. Richardson, supra, but to determine if there is substantial evidence to support the decision. But there is also a mental condition claim and in this respect, the medical evidence does not support the Secretary's decision and is conclusive as to her incompetency to perform any competitive gainful activity.

■ The hearing examiner interpreted psychiatrist's diagnosis (Tr. 77–80) depended on petitioner's noted insecurity and hypochondriac tendency and not upon the severity of any mental impairment. (Tr. 12). This Court, in Torres v. Secretary of Health, Education and Welfare (D.C.P.R.1971), 337 F.Supp. 1329, expressed at page 1331, the following:

"    .    .    . The fact that the physical symptoms experienced by a person are partly caused by a hysterical neurosis *does not by any means justify a finding of malingering* and cannot be disregarded when attempting to determine a person's condition. *An injury is no less disabling because some or all of the symptoms suffered are caused by hysteria*." (Emphasis added).

We are of the opinion the above cited expression is controlling in the instant cause. Even though the hearing examiner has carefully weighed all medical factors and impairments alleged by plaintiff, nevertheless, he overlooked claimant's symptoms. When pain is real

and disabling to the sufferer, even if not objectively observable, it can support a claim for disability. Bittel v. Richardson (3 Cir. 1971), 441 F.2d 1193, 1195; Ber v. Celebrezze (2 Cir. 1964), 332 F. 2d 293, 299; Dillon v. Celebrezze (4 Cir. 1965), 345 F.2d 753, 755. In the case at bar, the pain was detected by the orthopedic surgeon and confirmed by the psychiatrist. This is the objective evidence supporting petitioner's subjective complaints. Ketron v. Finch, supra.[2]

In González v. Richardson, supra, the Court of Appeals reversed this Court's decision in favor of petitioner. The *González* case can easily be distinguished from the present case in that it involved a medical report, but it was corroborated by other two physicians. There was no conflicting evidence and the Court of Appeals decided the District Court had erred in weighing the evidence and resolving the medical report was a mere scintilla, not capable of sustaining the government's burden of substantial evidence. In the instant case, the examining physicians reported anxiety state, and though one found she was able to move, none said she was capable of working, and the psychiatrist's uncontested diagnosis was much more than a scintilla of evidence in favor of the disability claim.

If the above were the only facts and medical evidence, we will today decide in favor of the plaintiff, but the record before the Court reflects that Dr. Mojica Sandoz' prognosis was good, if she was given psychiatric treatment. His last evaluation, on December 14, 1968, included the following prognosis:

"The history and overall picture reveals a 64 years old female who has been complaining of multiple visceral and somatic symptomatology for her last 15 years. She has gone to several physicians for evaluation and temporary treatment, but no definite medical nor psychiatric treatment has ever

2. In *Ketron*, the District Court decided that subjective complaints were properly evaluated, considering credibility, motivation and medical evidence of impairment and that the medical findings were contrary to claimant's evidence.

been given. At present she can manage herself in her basic needs as eating, bathing and dressing, but she has a strong tendency toward dependency. Her depression is chronic. However, if adequate psychiatric treatment is given, the prognosis should be good.

Claimant is extremely insecure and with great hypochondriac tendencies. *At present there is no doubt that she can not remain for a reasonable time in a regular, self-sustaining, competitive work situation.* For that reason I do not consider her mentally competent to work. If proper treatment is given, she should be able to work in the near future. There is no doubt that she can handle her own funds in an adequate rational manner." (Tr. 81). (Emphasis added)

It has consistently been decided that if an impairment can be remedied by treatment, it cannot serve as a basis for a finding of disability, Stillwell v. Cohen (5 Cir. 1969), 411 F.2d 574, 575; Santiago v. Secretary of Health, Education and Welfare, supra, 336 F.Supp. at 1074. The disability contemplated in Section 223(d)(1)(A) of the Act, Title 42, United States Code, Section 423(d)(1)(A), has to be continuous and last for a period of not less than twelve (12) months.

We are of the opinion that the case should be remanded for additional findings with respect to plaintiff's mental condition and prognosis of such condition.[3]

Wherefore, the Court hereby Orders that this cause be remanded for additional findings as to plaintiff's mental condition; for a determination as to whether she has been undergoing treatment for said condition and whether although undergoing treatment, it has, nevertheless, continued to be disabling for at least 12 months; and for any further determination consistent with the present order.

It is so ordered.

---

3. We are inclined to believe that claimant could be given treatment to find out whether the "near future" phrase expressed in psychiatrist's prognosis will fall within the requirements of the Act. In this respect Section 404.1507 of Title 20, Code of Federal Regulations provides in the applicable part, as follows:

"For purposes of entitlement to a period of disability or to disability insurance benefits * * *, an individual's impairment must also be expected to result in death or be expected to last for a continuous period of not less than 12 months. An individual with a disabling impairment which is amenable to treatment that could be expected to restore his ability to work shall be deemed to be under a disability if he is undergoing therapy prescribed by his treatment sources but his impairment has, nevertheless continued to be disabling or can be expected to be disabling for at least 12 months. However an individual who willfully fails to follow such prescribed treatment cannot by virtue of such failure be found to be under a disability. Willfull failure does not exist if there is justifiable cause for failure to follow such treatment." (Emphasis added).