Belen M. TORRES, Plaintiff,

v.

SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.

Civ. No. 581–71.

United States District Court, D. Puerto Rico.

Nov. 19, 1973.

---

3. We could take this allegation to have been abandoned by the Plaintiff.

Ulpiano Falcon Matos, Hato Rey, P. R., for plaintiff.

Julio Morales-Sanchez, U. S. Atty., San Juan, P. R., for defendant.

## ORDER

TOLEDO, Chief Judge.

This is an action brought by plaintiff Belen M. Torres pursuant to Section 205(g) of the Social Security Act (hereinafter referred to as the Act), Title 42, United States Code, Section 405(g), seeking judicial review of a final decision of the Secretary of Health, Education and Welfare (hereinafter referred to as the Secretary), denying her application for a period of disability under Section 216(i) of the Act, Title 42, United States Code, Section 416(i), and for disability insurance benefits under Section 223 of the Act, Title 42, United States Code, Section 423.

Plaintiff, now 50 years old, has a fourth grade education and enjoys a sixteen years' experience as a skilled seamstress and sewing machine operator. She filed an application for a period of disability and disability insurance benefits on April 4, 1970, alleging breasts' cysts operated twice, a nervous condition and poor vision. She met the special earnings requirements of the Act through December 31, 1971. Her request was denied originally and on reconsideration. A hearing was held on June 3, 1971, where the administrative judge disallowed plaintiff's claim. The administrative judge's decision became final when the Appeals Council affirmed it.

The statutory scheme of judicial review being limited in nature, this Court is bound to ascertain only whether the record contains substantial evidence to support the Secretary's findings. Alamo v. Richardson, (D.C.P.R.1972), 355 F. Supp. 314; Santiago v. Secretary of Health, Education and Welfare (D.C.P. R.1971), 336 F.Supp. 1071; Rosario v. Secretary of Health, Education and Welfare (D.C.P.R.1971), 324 F.Supp. 1321.

After sixteen years in New York, where she worked as a machine operator, Mrs. Torres returned to Puerto Rico in 1966. On August 5, 1968, the alleged onset of her disability, plaintiff underwent surgery for a breast cyst removal at the Aguadilla District Hospital. Her medical record from the Aguadilla Hospital shows that while the sutures were healing well, many psychosomatic complaints appeared.

The earliest medical evidence related to plaintiff's ailments is a certification of Dr. Pedro N. Colberg, where he declares that plaintiff was treated by him for emotional disturbances in 1968.

By April 1969, plaintiff had partially lost her hair (Tr. 54) due to her nervous condition and was referred to the Arecibo Mental Health Center, where she was first attended in October 1969. A certification of Dr. José A. Román Toledo, issued at claimant's request on April 22, 1970, reports a diagnosis of psychoneurosis with depression and plaintiff was prescribed two tranquilizers to relieve her tension. Medical reports from the District Hospital of Aguadilla disclose that on February 9, 1970, she was admitted due to severe pain, cysts, and swelling of the breasts. On admission, it was noted that she had an anxiety reaction. Thereafter, on February 10, 1970, she underwent surgical removal of the cysts as well as a bilateral breast reduction and mammoplasty.

At the request of the Disability Determination Unit of the Division of Vocational Rehabilitation, Dr. Myrna Zegarra de Polo made on July 23, 1970, a psychiatric evaluation of plaintiff. As a result of plaintiff's examination, Dr. Zegarra diagnosed the following: "Psychoneurotic depressive reaction, chronic, of moderate intensity. This diagnosis is evidenced by the presence of sadness of affect, anxiety, restlessness, insomnia, multiple somatic complaints, and impairment of object relations with increased interest in the self." Dr. Zegarra's report further commented the following: "A re-evaluation in six to eight months is indicated. In her present state, this patient appears to be a poor candidate for return to gainful employment."

The last medical evidence in the present case is another psychiatric evaluation, made this time by Dr. J. A. Mojica Sandoz on February 4, 1972. He diagnosed: "Psychomotor retardation. Depressive neurosis with hypocondriacal features, manifested by depressed affect and content of thought, with ideas of insufficiency and marked insecurity, multiple somatic and visceral symptomatology, hypocondriacal thinking with overpreocupation about her physical condition, economic situation and fear of presumed diseases. Claimant is a markedly dependent individual and the prognosis for the total remission of her symptomatology is poor."

Except for this last psychiatric evaluation that was made after the date of the hearing, all other medical evidence was considered at the administrative hearing, which was held in Spanish, and in which the administrative judge concluded that plaintiff was not incapacitated under the meaning of the Act.

According to Section 405(g), Title 42, United States Code, and on a request made by the Secretary, this Court, on October 1971, remanded the case for further action by the Secretary. Then, the Appeals Council, vacating its denial of the claimant's request for review of the hearing examiner's decision, pronounced itself in favor of disallowing the claim. The Appeals Council concluded: "The evidence, however, reveals that this condition does not significantly impair her ability to function, that she is able to relate to other people, that she can comprehend and follow instructions, and that she can perform simple, as well as repetitive tasks where contact with others is minimal . . . Her work primarily entailed sewing skills and little, if any, frequent contact with others. The Appeals Council believes that the record as now constituted fails to establish that on or before December 31, 1971, the claimant's mental impairment, either singly or in combination with her other impairments was of such severity as to have precluded her from engaging in substantial gainful activity of the type that she had previously performed."

Plaintiff's counsel alleges that this conclusion is not sustained by the evidence. In his memorandum of law, he states that from the conclusion of the Appeals Council saying that plaintiff could perform "simple, as well as repetitive tasks where contact with others is minimal", it may logically be inferred that she can not perform complex, as well as non repetitive tasks where contact with others is frequent. With its declaration, he says, the Appeals Council has ruled out the possibility of plaintiff

returning to her previous employment, because, according to the evidence presented, plaintiff's work may not be considered as "simple, as well as repetitive * * * where contact with others is minimal."

We agree with plaintiff's counsel. The conclusion reached by the Appeals Council that plaintiff could return to her previous employment is contrary to the evidence presented in relation to the type of work plaintiff performed. Her work is described as follows: "Dust created by lint in the cloth. Also dirt produced by many people walking around the area. Had to sew heavy coats, and move fast. Sewing pieces together. Picked the cloth from a box, and sew it. Dropped the finished part in another box which she took away later on. Lifting of bundles from three to five feet of about 10 pounds every half hour was involved, with gross movements involved." (Tr. 15).

■■ We are of the opinion that enclosed in this contradiction between conclusion and evidence is the fact that plaintiff may not return to her job as a machine operator. "Where disability benefits' applicant showed he was unable to return to former type of job, burden was on government to offer evidence showing there was generally available employment of a kind for which he was fit and qualified." Torres v. Celebrezze (1 Cir. 1965), 349 F.2d 342. We also said in Burgos v. Secretary of Health, Education and Welfare, (D.C.P.R.1973), 355 F.Supp. 309, that when a claimant for disability benefits under Social Security establishes that his condition does not permit him to return to his former work, burden of proof shifts to the Secretary of Health, Education and Welfare to show that claimant can still engage in some other type of gainful activity within his competence. See also Galan Aguila v. Secretary of Health, Education and Welfare (D.C.P.R.1970), 308 F.Supp. 42.

■ It is at this point, when a claimant shows he is not able to return to his former work, that there is a necessity for an administrative showing of available work. Reyes Robles v. Finch (1 Cir. 1969), 409 F.2d 84.

This Court is of the opinion that plaintiff met the burden of proof and at the present stage of the case there is a need for the opinion of a vocational expert.

As we said in Rivera Caraballo v. Secretary of Health, Education and Welfare (D.C.P.R.1972), 346 F.Supp. 93, the vocational expert must demonstrate that there are a number of jobs available in the national economy which plaintiff may perform and that he may do so on the same level of efficiency and effectiveness as one who is not disabled. "If there is no evidence in the record which could demonstrate that the degree of efficiency of a claimant who is disabled is not markedly inferior from one not so disabled with respect to the particular jobs which a vocational expert testifies that a claimant may perform, then the conclusion that there exists work in the national economy which claimant could perform is not supported by substantial evidence." Rivera Caraballo v. Secretary of Health, Education and Welfare, supra, Vigo Garcia v. Secretary of Health, Education and Welfare, Civil No. 885-68, December 8, 1972; Torres Rodriguez v. Secretary of Health, Education and Welfare (D.C.P.R.1973), 355 F.Supp. 304.

■ Therefore, the vocational expert will have to carefully consider plaintiff's emotional and physical ailments, and her allegations of continuous and disabling pain before making a recommendation, specially when the physicians in the present case have determined that plaintiff suffers from hypochondria. A person with hypochondria may experience pain so intense that it disables; Mode v. Celebrezze (4 Cir. 1966), 359 F.2d 135. The District Court for the Western District of Pennsylvania considered emotional pain in Lightcap v. Celebrezze, D. C., 214 F.Supp. 209 (1962), and found that it could disable a person from substantial gainful employment within the meaning of the disability provision.

This Court has recently reasserted that when pain is real and disabling to the sufferer, even if not objectively observable, it can support a claim for disability. Zeno v. Secretary of Health, Education and Welfare (D.C.P.R.1972), 355 F.Supp. 657. This has greater force in a case of hypochondria.

In view of the foregoing, we find good cause to remand under Section 405(g), Title 42, United States Code, in order that the Secretary brings a vocational expert to testify, as required by the standards set by this Court, on the availability of jobs for plaintiff.

This Court deems proper to recommend that plaintiff be assisted at the hearing by her counsel in the present action.

It is so ordered.